FILED

SEP 1 2 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Percy Newby
PMB #308
C/o 17719 Pacific Ave. S.
Spanaway
Washington

CASE NUMBER  1:05CV01800

JUDGE: Rosemary M. Collyer

DECK TYPE: Administrative Agency Review

DATE STAMP: 09/12/2005

District Court of the United States
For the District of Columbia

| Percy Newby, TRUSTEE | No. |
|---|---|
| PLAINTIFF | |
| VS. | |
| DEPARTMENT OF TRANSPORTATION; and, | COMPLAINT FOR JUDICIAL REVIEW OF COMMON-LAW /ADMINISTRATIVE RECORD; |
| NORMAN Y. MINETA, SECRETARY OF TRANSPORTATION; and, | COMPLAINT FOR DECLARATORY RELIEF; |
| OFFICIAL BOND OF SECRETARY NORMAN Y. MINETA | COMPLAINT FOR INJUNCTIVE RELIEF; |
| DEFENDANTS | COMPLAINT FOR RECOVERY ON OFFICIAL BOND |

Comes now Percy Newby in his own name, as Special Executive Trustee and on behalf of the Board of Trustees, to protect the interests of TimeShare Toys, the real party in interest as provided by CR 17(a) and alleges as follows:

RECEIVED
AUG 2 2 2005
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

RECEIVED
AUG - 4 2005
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

1.

# VERIFICATION

*Pierce county                          )*
*                                       )      DECLARATION*
*Washington state                       )*
*Declarant states that Declarant is competent to be a witness and that the facts alleged in this complaint are true and correct to the best of Declarant's first hand knowledge and belief under penalty of perjury pursuant to the law of The People of the State of Washington.*

*Kenneth Wayne, Declarant               July 25, 2005*
*                                       Date*

*Pierce county                          )*
*                                       )      DECLARATION*
*Washington state                       )*
*Declarant states that Declarant is competent to be a witness and that the facts alleged in this complaint are true and correct to the best of Declarant's first hand knowledge and belief under penalty of perjury pursuant to the law of The People of the State of Washington.*

*Percy Newby, Declarant                 July 25, 2005*
*                                       Date*

## VENUE & jurisdiction:

Venue is proper at the District of Columbia as all defendants are resident or domiciled at the District of Columbia as provided at 28 USC 1391(e).

Plaintiff invokes the jurisdiction of the district

court of the United States under Article III of the constitution for the several united States of America, AD 1789, as amended; and,

The <u>district court of the United States</u> has jurisdiction as provided at 49 USC 46102; 5 USC 703, 702; 28 USC 1331, 1356, 1361, and /or 1367.

> NOTE: <u>Balzac v. Porto Rico</u> 258 U.S. 298, in 1922:
>
> The <u>United States District Court</u> is not a true United States court established under article 3 of the Constitution to administer the judicial powers of the United States therein conveyed. It is created in virtue of the sovereign congressional faculty, granted under article 4, § 3, of that instrument, of making all needful rules and regulations respecting the territory belonging to the United States. The resemblance of its jurisdiction to that of true United States courts, in offering an opportunity to nonresidents of resorting to a tribunal not subject to local influence, does not change its character as a mere territorial court.

## FACTS ESTABLISHING CAUSE OF ACTION

1. On or about 25 August 2003 TimeShare Toys initiated common-law /administrative process with the Federal Aviation Administration (FAA) to provide notice of a change in ownership of a 1960 Cessna 172, Serial #47688 (CESSNA).

2. The FAA indicated that it did not have authority to register or regulate a private airplane unless the airplane's original proof of ownership of the CESSNA was given to the FAA, making the FAA the holder, or holder in due course,

of the evidence of ownership.

3. The FAA further indicated that unless the new owner would certify "under penalty of perjury" on a registration application that such new owner, or the members of the new owner, was the United States or a corporation or other instrumentality of the United States, the FAA did not have authority to register or regulate the CESSNA.

4. TimeShare Toys then registered its ownership interest through a private registry, and proof of ownership published in the public record at Pierce county, Washington.

5. On or about January 26, 2005 the SECRETARY (acting by his Agent Daniel Austin), having received actual notice of the record between TimeShare Toys and the FAA, arrested and charged one of the trustees with a crime of failing to register the CESSNA with the FAA.

6. On or about 9 May 2005 TimeShare Toys, a private business trust organization established by contract in aggregate form, initiated a common-law/administrative action with the Secretary of Transportation for the United States, Norman Y. Mineta (SECRETARY), for a review of the record

established with the FAA relating to the ownership and use of the property interest in a 1960 Cessna 172, Serial #47688.

7. On or about July 20, 2005, Timeshare Toys contracted with a certified airplane mechanic, David Nelson (NELSON), to provide an annual inspection and maintenance of the CESSNA.

8. On or about July 22, 2005 the SECRETARY, again acting by agent Austin, impaired the obligations of the contract between TimeShare Toys and NELSON to inspect and maintain the CESSNA by contacting NELSON through a show of armed force and leaving NELSON feeling threatened and terrorized by AUSTIN and refusing to complete the obligations of the contract.

9. The SECRETARY's armed tactics (through agent Austin) against NELSON, and the SECRETARY's ORDER to NELSON that the CESSNA was not to be moved without express permission of the SECRETARY have seized the CESSNA, and effected a taking of TimeShare Toys' property interest in the CESSNA.

10. A true copy of the common-law /administrative process between TimeShare Toys and the SECRETARY is attached hereto and incorporated herein by this

reference.

## LAW ESTABLISHING RIGHT OF ACTION

Congress statement of the legislative intent and policy regarding its constitutional delegation of authority for issues relating to airplanes is published at 49 USC 40101.

§40101 provides for establishment of regulations by the Department of Transportation, through the Administrator of the Federal Aviation of its commerce clause jurisdiction: (a) Economic Regulation of "air commerce" (*foreign air commerce, interstate air commerce, the transportation of mail by aircraft, the operation of aircraft within the limits of a Federal airway, or the operation of aircraft that directly affects, or may endanger safety in, foreign or interstate air commerce, see §40102*); (b) All-Cargo Air Transportation Considerations; and,

in congress' clarifying the limits of its constitutional authority §40101 (c) General Safety Considerations, inclusive of mandating consideration of "the public right of freedom of transit through the navigable airspace"; and,

returning to its commerce clause authority: (d)

Safety Considerations in Public Interest, again referencing air COMMERCE and providing for development of "air commerce" regulations; and, (e) International Air Transportation; and, (f) Strengthening Competition (in interstate and international air commerce) between air carriers.

The Administrative Procedures Act (codified in Title 5 USC) establishes the principals of the common law as the procedural due process to which Plaintiff is entitled.

CLAIMS OF BREACH OF DUTY RESULTING IN INJURY

1. On or about January 26, 2005 the SECRETARY, having received actual notice of the record between TimeShare Toys and the FAA, arrested and charged one of the trustees with a crime of failing to register the CESSNA with the FAA:

    - impairing the obligations of the contracts to which TimeShare Toys is a party; and,

    - without evidence that TimeShare Toys, or any party with whom TimeShare Toys is associated, having engaged in or endangered any "air commerce"; and,

- contrary to the findings by the FAA acting on behalf of the SECRETARY; and,

- without constitutional or statutory authority to do so,

Depriving TimeShare Toys of its property interest in the CESSNA; taking TimeShare Toys' property for public use without compensation; and causing TimeShare Toys to breach its obligations resulting in injury and damage to TimeShare Toys reputation and standing in the community.

2. On or about January 26, 2005 the SECRETARY, having received actual notice of the record between TimeShare Toys and the FAA, arrested and charged one of the trustees with a crime of flying an airplane while failing to obtain a Pilot Certificate from the FAA:

- impairing the obligations of the contracts to which TimeShare Toys is a party; and,

- without evidence that TimeShare Toys, or any party with whom TimeShare Toys is associated, having engaged in or endangered any "air commerce"; and,

- contrary to the findings by the FAA acting on behalf of the SECRETARY; and,

- without constitutional or statutory authority to do so.

Depriving TimeShare Toys of its property interest in the CESSNA; taking TimeShare Toys' property for public use without compensation; and causing TimeShare Toys to breach its obligations resulting in injury and damage to TimeShare Toys reputation and standing in the community.

On or about 9 May 2005 TimeShare Toys, a private business trust organization established by contract in aggregate form, initiated a common-law /administrative action with the Secretary of Transportation for the United States, Norman Y. Mineta (SECRETARY), for a review of the record established with the FAA relating to the ownership and use of the property interest in a 1960 Cessna 172, Serial #47688. Timeshare Toys has a reasonable expectation that the SECRETARY will not act against the interests of TimeShare Toys without first providing evidence to the record

controverting the FAA record and evidence that TimeShare Toys or a party with whom TimeShare Toys is associated has used the CESSNA in "air commerce", and the SECRETARY refused or neglected to exhaust administrative remedies before seizing TimeShare Toys property interest in the CESSNA depriving TimeShare Toys of its property without due process of law and resulting in injury and damage to TimeShare Toys reputation and standing in the community.

3. On or about July 20, 2005, Timeshare Toys contracted with a certified airplane mechanic, David Nelson (NELSON), to provide an annual inspection and maintenance of the CESSNA. On or about July 22, 2005 the SECRETARY, again acting by agent Austin, impaired the obligations of the contract between TimeShare Toys and NELSON to inspect and maintain the CESSNA by contacting NELSON through a show of armed force and leaving NELSON feeling threatened and terrorized by AUSTIN and refusing to complete the obligations of the contract. Timeshare Toys has a reasonable expectation that the SECRETARY will not act to impair the obligations of TimeShare Toys'

contracts without first providing evidence to the record that controvert the FAA record and evidence that TimeShare Toys or a party with whom TimeShare Toys is associated has used the CESSNA in "air commerce", and the SECRETARY refused or neglected to exhaust administrative remedies before seizing TimeShare Toys property interest in the CESSNA depriving TimeShare Toys of its property without due process of law and resulting in injury and damage to TimeShare Toys reputation and standing in the community.

4. The SECRETARY's armed terrorist style tactics (through agent Austin) against NELSON, and the SECRETARY's ORDER to NELSON that the CESSNA was not to be moved without express permission of the SECRETARY have seized the CESSNA, and effected a taking of TimeShare Toys' property interest in the CESSNA. Timeshare Toys has a reasonable expectation that the SECRETARY will not commit armed, terrorist style, acts against TimeShare Toys' contractors resulting in injury and damage to TimeShare Toys reputation and standing in the community.

## REMEDIES

TimeShare Toys requests the following remedies in law and equity upon judicial review of the record:

a.  Declaratory judgment based upon review of the record(s) that there is no evidence in the record between TimeShare Toys and the SECRETARY, inclusive of the record between TimeShare Toys and the FAA, that TimeShare Toys, or any party associated with TimeShare Toys, has engaged in "air commerce" relating to the CESSNA during the period commencing on August 25, 2003 and concluding on the date of filing of the above complaint.

b.  injunctive relief prohibiting the SECRETARY, through agents, agencies, or otherwise, from participating in any legal action against TimeShare Toys or any trustee of TimeShare Toys without first presenting evidence that TimeShare Toys and/or the trustee engaged in "air commerce" to this court;

c.  Injunctive relief prohibiting any principal or agent of the SECRETARY from publishing any record of violation of any statute or regulation relating to "air commerce" by any trustee or contractor of TimeShare Toys

        without first presenting evidence that TimeShare Toys and/or the trustee engaged in "air commerce" to this court;

d.    Damages in the amount of twenty (20) ounces of .999 fine silver (or its commercial equivalent) for each hour the contract between TimeShare Toys and its maintenance contractor has been and remains impaired;

e.    Damages in the amount of twenty (20) ounces of .999 fine silver (or its commercial equivalent) for each hour the contract between TimeShare Toys and each and every one of its trustees remains impaired by any action of, or initiated by, the SECRETARY;

f.    Damages in the amount of forty thousand (40,000) ounces of .999 fine silver (or its commercial equivalent) for the taking of TimeShare Toys property interest in the CESSNA without compensation and without due process of law;

g.    Order that the damages claimed in ¶ d through f, above, be paid by the Official Bond securing the faithful performance of the duties of the SECRETARY;

    h.   Punitive and/or exemplary damages in an amount to be determined by jury of not less than one-hundred-thousand (100,000) ounces of silver (or its commercial equivalent) against Norman Y. Mineta for his acts, or failures to act, resulting in the unlawful takings and deprivations complained of in this complaint.

Respectfully presented July 26, 2005,

*[signature: P. Newby]*

Percy Newby