*PLAINTIFF:*

Percy Newby, TRUSTEE
PMB #308
C/o 17719 Pacific Ave. S.
Spanaway
Washington

## District Court of the United States
### For the District of Columbia

| | |
|---|---|
| **Percy Newby,** TRUSTEE<br>PLAINTIFF<br><br>VS.<br><br>**DEPARTMENT OF TRANSPORTATION;** et al.<br>DEFENDANTS | No.<br><br>05-cv-01800 RMC<br><br>**PLAINTIFF'S OBJECTION TO DEFENDANT'S MOTION FOR TIME**<br><br>OFFER OF <u>CONDITIONAL WAIVER OF OBJECTION</u><br><br>*SERVICE* |

**COMES NOW THE PLAINTIFF** to object to the "DEFENDANT'S MOTION FOR AN EXTENSION OF TIME" filed on 11/30/2005, Docket # 6 based upon the following:

**TESTIMONY IN SUPPORT:**

Pierce county            )
                         )    *DECLARATION*
Washington state         )

Declarant states that Declarant is competent to be a witness and that the facts alleged in the instrument to which this verification is affixed are true and correct to the best of Declarant's first hand knowledge and belief under penalty of perjury pursuant to the law of <u>The People of the State of Washington</u>.

*[signature: P Newby]*

Percy Newby, Declarant

December 2, 2005
Date

**OBJECTION:**

1. Defendant's motion for an extension of time (MOTION) is not supported by testimony, or any other evidence of facts appearing upon the record upon which relief could be granted.

2. Assuming arguendo that counsel(s) could supplement the MOTION with testimony as to the purported facts referenced in the MOTION:

> a. Counsel(s) stipulate that they have no standing to represent defendant Mineta in his individual capacity, and as such the granting of the MOTION will not provide the specific remedy counsel(s) purport to seek, delay of default by defendant Mineta in an individual capacity.
>
> b. The courts have determined that those who write the law (statutes and implementing regulations) contemplate the usual and ordinary considerations and functions that must be accomplished by a party to comply with the requirements of law [fn 1].
>
> c. Counsel(s) cite Federal Rules of Civil Procedure (FRCP) 6(b) as authority for seeking the court's order granting additional time. FRCP grants limited discretion to the court to grant time "for cause shown."
>
> d. Even if we disregard that there is no testimony or evidence presented to the record

as to any "cause" purported to be shown, Counsel(s) have not presented any outstanding "cause" for an extension of time that could not have been contemplated by the legislative authority establishing the time in which a party is required to appear and answer a civil complaint:

> A) The alleged "fact" that Plaintiff brings the action under the Administrative Procedures Act (MOTION Pg 1 ¶ 2) is not "cause," by statute or otherwise upon which additional time may be granted.
>
> B) The alleged "fact" that Plaintiff's action appears to make a *BIVENS* claim (MOTION Pg 1 ¶ 2) is not "cause," by statute or otherwise upon which additional time may be granted.
>
> C) Counsels allege no basis upon which the procedures of 28 CFR §50.15 (MOTION Pg 1 ¶ 3) could not have been completed in a timely manner (no testimony or allegation of any attempt to complete procedure timely and any "cause" it was not completed timely, i.e. no allegation of terrorist activities, natural disasters, or other "cause" interfering with such procedure.)

3. Counsels assert (again without supporting testimony or evidence) that "the agency defendant is in the process of evaluating" Plaintiff's claims (MOTION Pg 2 ¶ 1) without explaining why the "agency

defendant" needs additional time when the action is based upon the Plaintiff's having exhausted both Administrative Procedures Act as well as Federal Tort Claims Act administrative procedures prior to filing the action.

4. Counsel's only apparent basis for seeking additional time is that neither the Defendants nor counsel's office has procedures in place for reviewing, evaluating, and responding to process in the time allowed by law.  The record shows that the United States Marshal served not only the Defendants, but also the Attorney General and United States Attorney's office.

5.  IT IS CLEAR THAT COUNSEL(S) HAVE FAILED TO MAKE ANY "CAUSE" APPEAR ON THE RECORD UPON WHICH ITS MOTION FOR TIME MAY BE GRANTED BY THE COURT [FN 1].

**CONDITIONAL WAIVER:**

Upon, and only upon, the condition that the court enjoin, or the government stipulates for the record to entry of an ORDER establishing the PROHIBITION

---

fn 1:  See Beckman v. DSHS, a copy is attached. **OFFICIAL/JUDICIAL NOTICE IS HEREBY GIVEN** TO THE RECORD OF THE LAW REFERENCED THEREIN.
OFFICIAL/JUDICIAL NOTICE: Full faith and credit clause requires court to treat the BECKMAN case and the Washington cases cited therein with full faith and credit as controlling law unless express prevailing local law is found to the contrary.

that, the government cease and desist from any and all prosecution, enforcement, or maintenance of any and all enforcement action(s) (whether styled as civil or criminal) relating to the operation and use /operation of Plaintiff's property (airplane, 1960 Cessna, Ser. #47688) by any officer of the Plaintiff's principal, or any party authorized by the Plaintiff's principal, of the Plaintiff's property during the period of time of litigation of this action, Plaintiff is willing to waive objection to the motion for time without regard for the substantive discrepancies of Defendants' request for time.

*[signature: P Newby]*

Percy Newby, TRUSTEE
Plaintiff

| SERVICE CERTIFICATE |
|---|
| Declarant states that Declarant is competent to be a witness and that Declarant placed a copy of the instrument to which this certificate is affixed in the United States mail, First Class Postage prepaid addressed to each party and/or party's counsel as provided by law. |
| Signature *[signed]* |
| Name  Jeanne Stockinger |
| Date Executed  12-13-05 |

102 Wn. App. 687, BECKMAN v. DSHS

[No. 25982-6-II. Division Two. August 21, 2000.]

DAMON R. BECKMAN, ET AL., Respondents, v. THE DEPARTMENT OF SOCIAL AND HEALTH SERVICES, ET AL., Appellants.

ON MOTION To EXTEND TIME To FILE NOTICE OF APPEAL AND MOTION To DISMISS APPEAL.

688    BECKMAN v. DSHS    Aug. 2000
102 Wn. App. 687

Aug. 2000    BECKMAN v. DSHS    689
102 Wn. App. 687

Christine O. Gregoire, Attorney General, and Loretta M. Lamb and Michael E. Tardif, Assistants; Howard M. Goodfriend (of Edwards, Sieh, Smith & Goodfriend, P.S.); and Troy Nelson and Andrew Nelson, for appellants.

Charles K. Wiggins and Kenneth W. Masters (of Wiggins Law Offices, P.L.L.C.); and Stephanie B. Bloomfield, David P. Moody, and J. Richard Creatura (of Gordon, Thomas, Honeywell, Malanca, Peterson & Daheim), for respondents.

Steven B. Frank (of Frank & Rosen), for other party.

Karl B. Tegland, amicus curiae.

690    BECKMAN v. DSHS    Aug. 2000
102 Wn. App. 687

ARMSTRONG, C.J., and BRIDGEWATER and HUNT, JJ.-

BACKGROUND

Damon Beckman, William Coalter, and Eric Busch (Plaintiffs) are developmentally disabled adults who claim they suffered injuries while living in a state-licensed adult care facility. They sued the State of Washington, Department of Social and Health Services, its caseworker-employees, and the operator of the facility. On March 23, 2000, a jury awarded them $17.76 million in damages, including substantial punitive damages.

Sometime before April 4, 2000, Plaintiffs' counsel spoke to the trial judge's assistant to schedule a time for presentation of the judgment documents for each Plaintiff. The hearing was scheduled for April 14, 2000.

On April 4, 2000, Plaintiffs' counsel sent a confirming letter to the trial court judge with a copy to "Opposing Counsel." At the same time, Plaintiffs' counsel prepared a "Note for Motion Docket," with proposed judgment attached for each Plaintiffs case and with each addressed to "Janet L. Capps, Loretta M. Lamb" at the Attorney General's Office in Seattle. See CR 54(f). All of these documents were sent by courier to the Attorney

General's Office and all bear a "Received" filing stamp of April 4, 2000, from the Attorney General's Office.

No one from the Attorney General's Office appeared at the April 14 hearing. The trial court entered the judgments, and they were filed on the same day. However, neither the court nor Plaintiffs' counsel sent conformed copies of the final judgment documents to the Attorney General's Office.

On May 24, Plaintiffs' counsel wrote the Attorney General's Office, asking that the State pay the judgments. The

```
     Aug. 2000    BECKMAN v. DSHS    691
                  102 Wn. App. 687
```

next day, 10 days late, the State filed a Notice of Appeal. At the same time, the State moved to allow the late filing; Plaintiffs responded with a motion to dismiss the appeal.

The State contends CR 5(a) and RAP 18.8 allow such a late filing under the circumstances presented here. They do not.

DISCUSSION

I. CR 5(a)

CR 5(a) describes the documents that a party must serve:

[E]very order required by its terms to be served, every pleading subsequent to the original complaint unless the court otherwise orders because of numerous defendants, every paper relating to discovery required to be served upon a party unless the court otherwise orders, every written motion other than one which may be heard ex parte, and every written notice, appearance, demand, offer of judgment, designation of record on appeal, and similar paper shall be served upon each of the parties.

(Emphasis added.)

The State asks us to broadly construe the language of CR 5(a) and hold that the rule requires service of conformed copies of the final judgment on the non-prevailing party.«1» The State argues that because it was not served with conformed copies of the final judgment, its appeal is timely. However, the language of CR 5 and the related civil rules are plain. CR 5(a) does not require service of conformed copies of the final judgment.

Here, the terms "pleading" and "similar paper" do not include final judgments. A final judgment is not a "pleading" requiring service under CR 5(a). CR 7(a) defines

---

«1» We construe court rules in accord with their purpose "as though they were drafted by the Legislature." Nevers v. Fireside, Inc., 133 Wn.2d 804, 809, 947 P.2d 721 (1997) (citation omitted). And we interpret court rules by reference to rules of statutory construction. State v. Greenwood, 120 Wn.2d 585, 592, 845 P.2d 971 (1993) (citation omitted); Heaney v. Seattle Mun. Court, 35 Wn. App. 150, 154, 665 P.2d 918 (1983), review denied, 101 Wn.2d 1004 (1984) (citing 3 C. SANDS, STATUTORY CONSTRUCTION § 67.10 (4th ed. 1974)).

"pleadings," and that definition does not include judgments. See also Tiffin v. Hendricks, 44 Wn.2d 837, 843, 271 P.2d 683 (1954).«2» Rather, the civil rules treat judgments differently than pleadings. Compare CR 7-16 (pleadings or motions), with CR 54-63 (judgments).

A final judgment is not a "similar paper." Even assuming ambiguity in CR 5(a), the rule of statutory construction ejusdem generis dictates this conclusion. That rule provides that general terms, when used in conjunction with specific terms, should be deemed to incorporate only those things similar in nature or "comparable to" the specific terms. John H. Sellen Constr. Co. v. Department of Revenue, 87 Wn.2d 878, 883-84, 558 P.2d 1342 (1976); Davis v. State ex rel. Dep't of Licensing, 137 Wn.2d 957, 970, 977 P.2d 554 (1999); Port of Seattle v. Department of Revenue, 101 Wn. App. 106, 113, 1 P.3d 607 (2000). In CR 5(a), the generic phrase "similar paper" must be read in conjunction with the terms "every written notice, appearance, demand, offer of judgment, designation of record on appeal." Only those "papers" that are "comparable to" written notice, appearance, demand, offer of judgment, or designation of record on appeal fall within the category of "similar paper." The specifically listed "papers" in CR 5(a) are documents prepared by a party that generally state a party's claim or allegation. On the other hand, a final judgment, although it may be drafted by a party, is the formal record of a jury's verdict or judge's decision. A judgment does not state a party's claim or allegation. It is not, therefore, a "similar paper" as that phrase is used in CR 5(a).«3»

This reading of CR 5(a) is strengthened by reference

---

«2» The term 'pleadings' has a technical and well-defined meaning. Pleadings are written allegations of what is affirmed on one side, or denied on the other, disclosing to the court or jury having to try the cause the real matter in dispute between the parties." Tiffin, 44 Wn.2d at 843 (quoting BLACK'S LAW DICTIONARY 1312 (4th ed.)).

«3» The civil rules do provide for notice of the proposed findings, which are generated by the prevailing party. Notice of presentation of findings of fact and conclusions of law, including copies of the proposed findings and conclusions, must be served on the opposing party five days before their presentation to the court. CR 54(f). Plaintiffs' counsel provided such notice here.

---

to the rules regarding actual filing of the judgment. RAP 5.2(a) requires that notice of appeal be filed within 30 days of entry of the judgment in the trial court. CR 58 states that a judgment is "entered" when it is delivered to the clerk for filing. See Malott v. Randall, 83 Wn.2d 259, 517 P.2d 605 (1974). Requiring service of the judgment before the start of the running of the 30-day appeal period would effectively amend CR 58 and RAP 5.2(a) to require both the filing of the judgment with the clerk and service of conformed copies of the judgment before the 30 days begin to run. This is not what the rules say, nor what the rules contemplate.

Finally, CR 54(f) provides in part: "No order or judgment shall be signed or entered until opposing counsel have been given 5 days' notice of presentation and served with a copy of the proposed order or judgment. ..." Thus, the rule specific to judgments requires only that the proposed judgment, not a conformed copy of the entered judgment, be served on opposing counsel.

The plain meaning of CR 5(a) is clear; its terms do not require service of conformed copies of the final entered judgment on the non-prevailing party. CR 5(a) does not afford the State the relief it seeks.

II. RAP 18.8

In contrast to the liberal application we generally give the Rules of Appellate Procedure (RAP), RAP 18.8 expressly requires a narrow application:

The appellate court will only in extraordinary circumstances and to prevent a gross miscarriage of justice extend the time within which a party must file a notice of appeal. . . . The appellate court will ordinarily hold that the desirability of finality of decisions outweighs the privilege of a litigant to obtain an extension of time under this section. . . .

(Emphasis added.)

The phrase "extraordinary circumstances" was defined in Reichelt v. Raymark Indus., Inc., 52 Wn. App. 763, 765, 764 P.2d 653 (1988). There, the Court of Appeals refused to extend the time for filing a notice of appeal that

694   BECKMAN v. DSHS   Aug. 2000
102 Wn. App. 687

was filed, as here, 10 days late. The appellant argued that "extraordinary circumstances" existed because one of the two trial attorneys left the firm during the 30 days following entry of judgment, and the firm's appellate attorney had an unusually heavy work load. The court rejected the argument and summarized the cases allowing late filings:

In each case, the defective filings were upheld due to "extraordinary circumstances," i.e., circumstances wherein the filing, despite reasonable diligence, was defective due to excusable error or circumstances beyond the party's control. In such a case, the lost opportunity to appeal would constitute a gross miscarriage of justice because of the appellant's reasonably diligent conduct. RAP 18.8(b).

Reichelt, 52 Wn. App. at 765-66; see also Shumway v. Payne, 136 Wn.2d 383, 394-97, 964 P.2d 349 (1998) (reiterating and reemphasizing stringent standard of RAP 18.8(b) noted in Reichelt); Schaefco, Inc. v. Columbia River Gorge Comm'n, 121 Wn.2d 366, 849 P.2d 1225 (1993);«4» Pybas v. Paolino, 73 Wn. App. 393, 401, 869 P.2d 427 (1994).«5» The court found the lack of prejudice to the respondent irrelevant and noted that the prejudice of granting an extension of time would be "to the appellate system and to litigants generally, who are entitled to an end to their day in court." Reichelt, 52 Wn. App. at 766 n.2.

---

«4» In Schaefco, 121 Wn.2d at 368, the court said:

Schaefco has not provided sufficient excuse for its failure to file a timely notice of appeal, nor has it demonstrated sound reasons to abandon the preference for finality.

We recognize that Schaefco raises many important issues.... However, it would be improper to consider these questions given the procedural failures of this case. See RAP 18.8(b); RAP 18.9(b). . . . Schaefco's appeal is dismissed.

«5» In Pybas the court stated:

RAP 18.8(b), by limiting the extension of time to file a notice of appeal to those cases involving "extraordinary circumstances and to prevent a gross miscarriage of justice," expresses a public policy preference for the finality of judicial decisions over the competing policy of reaching the merits in every case.

See also State v. One 1977 Blue Ford Pick-Up Truck, 447 A.2d 1226 (Me. 1982) (State's negligent office procedures, which resulted in late filing of appeal of adverse civil judgment, were insufficient grounds upon which to allow a late filing).

---

Aug. 2000   BECKMAN v. DSHS   695
102 Wn. App. 687

The State first contends "extraordinary circumstances" are present here because Plaintiffs' counsel failed to give it notice that the judgments had been entered. However, as noted above, Plaintiffs' counsel gave the State notice of presentation of the proposed judgments. See CR 52(c). This was all Plaintiffs' counsel was required to do; the State was then obligated to monitor the actual entry of the judgments. Plaintiffs' counsel was not legally obligated to bring the State's mistake, if any, to the State's attention. Thus, Plaintiffs' failure to give the State notice beyond that required by CR 52(c) does not demonstrate "extraordinary circumstances."

The State next contends that Janet Capps' intentional failure to protect the State's interests amounts to "extraordinary circumstances." However, in her declaration, Capps states that she has "no recollection" of the notice documents and asserts that she did not "knowingly, intentionally or recklessly fail to act" on the same. Further, there is no reasonable inference from the evidence before this court that Capps acted "intentionally" by ignoring the notice documents or failing to bring them to the attention of others. Rather, at best, the evidence was that Capps was not "reasonably diligent" in ensuring that the documents were timely routed to the responsible attorneys in the Attorney General's Office. Negligence, or the lack of "reasonable diligence," does not amount to "extraordinary circumstances." Shumway, 136 Wn.2d 383; Reichelt, 52 Wn. App. 763; One 1977 Blue Ford Pick-Up Truck, 447 A.2d 1226. Thus, Capps' conduct does not demonstrate "extraordinary circumstances."

But even if Capps intentionally failed to respond to the April 14 notice, this would not constitute "extraordinary circumstances." Capps' conduct impaired the State's timely filing of an appeal only because the Attorney General's Office lacked any reasonable procedure for calendaring hearings. The State's own internal investigation, which it asked us to consider, details the problems: The attorneys individually managed and calendared their own cases; the

---

696   BECKMAN v. DSHS   Aug. 2000
102 Wn. App. 687

office had no central system for calendaring hearings;«6» the staff was inexperienced and lacked training; there was no coordination between the responsible attorneys and no

system for "catching" administrative errors such as the one here. As noted in One 1977 Blue Ford Pick-Up Truck:

> We find nothing in the nature of an event or circumstance so extraordinary in this case as to excuse the neglect of appellant's counsel to provide suitable office procedures to cause the judgment to be brought to counsel's attention once it was delivered into the custody and control of counsel's office. It is incumbent upon any attorney to institute internal office procedures sufficient to assure that judgments are properly dealt with once they are delivered into the custody of office personnel subject to the control of counsel. The failure to take necessary steps, to that end, even during periods of unusual circumstances in an attorney's office, is not an acceptable excuse for any resulting failure to obtain personal knowledge of the entry of judgment on the part of counsel. . . .

447 A.2d at 1231. This language aptly describes the problem here. The Attorney General's office lacked office management procedures that could have prevented what occurred here.

The State was not "reasonably diligent" in attempting to file a timely appeal. Reichelt, 52 Wn. App. at 765-66. It fails to demonstrate "extraordinary circumstances" and "a gross miscarriage of justice" that would allow this court to overlook the late filing. RAP 18.8. Therefore, "the desirability of finality of decisions outweighs the privilege of a litigant to obtain an extension of time." The State's motion to extend time to file its notice of appeal is DENIED, and Respondents' motion to dismiss the appeal is GRANTED.