*PLAINTIFF:*
Percy Newby, TRUSTEE
PMB #308
C/o 17719 Pacific Ave. S.
Spanaway
Washington

District Court of the United States
For the District of Columbia

| | |
|---|---|
| **Percy Newby,** TRUSTEE<br>PLAINTIFF<br><br>VS.<br><br>**DEPARTMENT OF<br>TRANSPORTATION;** et al.<br>DEFENDANTS | No.<br><br>**05-cv-01800 RMC**<br><br><u>CERTIFICATE OF DEFAULT</u><br><br>*SERVICE* |

**COMES NOW THE PLAINTIFF** to certify to the record of the court the **DEFAULT** by defendants to Plaintiff's complaint:

**TESTIMONY IN SUPPORT:**

Pierce county            )
                         )   DECLARATION
Washington state         )

Declarant states that Declarant is competent to be a witness and that the facts alleged in the instrument to which this verification is affixed are true and correct to the best of Declarant's first hand knowledge and belief under penalty of perjury pursuant to the law of <u>The People of the State of Washington</u>.

*[signature: P Newby]*

January 5, 2006

---

Newby-Trustee v Mineta CERTIFICATE OF DEFAULT.doc
Page 1 of 6

**RECEIVED**

JAN 2 0 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

*Percy Newby, Declarant*                    Date

~ ~ ~ ~ ~

*Pierce county*                )
                               )   DECLARATION
*Washington state*             )

Declarant states that Declarant is competent to be a witness and that the facts alleged in the instrument to which this verification is affixed are true and correct to the best of Declarant's first hand knowledge and belief under penalty of perjury pursuant to the law of <u>The People of the State of Washington</u>.

                                        January 5, 2006

*Kenneth Wayne, Declarant*                  Date

~ ~ ~ ~ ~

**FACTS:**

1. Defendants were served by the United States Marshal.

2. The court, without any fact specific finding upon which "good cause" could be found for any delay, and prior to placing Plaintiff's objection in the record (ex-parte) granted Defendants until January 3, 2006 to respond.

3. Defendants have failed to answer by January 3, 2005, instead, without providing any supporting evidence, testimony or otherwise, of "good cause" seek to further unlawfully delay Plaintiff's day-in-court.

4. DEFENDANTS HAVE NOT ANSWERED TIMELY AND HAVE NO

EVIDENCE OF GOOD CAUSE FOR DELAY.

5. The courts have determined that those who write the law (statutes and implementing regulations) contemplate the usual and ordinary considerations and functions that must be accomplished by a party to comply with the requirements of law. SEE ATTACHMENT "B" TO PLAINTIFF'S OBJECTION (Docket #9) TO DEFENDANTS (second) MOTION FOR TIME, INCORPORATED HEREIN BY THIS REFERENCE.

6. The record shows that the United States Marshal served not only the Defendants, but also the Attorney General and United States Attorney's office.

**LAW:**

7. 28 CFR 50.15, a copy of which is attached hereto as ATTACHMENT "A" to Plaintiff's Objection (Docket #9) to Defendants' (second) Motion for Time incorporated herein by this reference, and incorporated by this reference, does not provide any provision indicating that implementation of the regulation creates any extraordinary circumstances upon which a defendant may assert "good cause" to delay prosecution of an action.

8. 28 USC 2403: (a) In any action, suit or

proceeding in a court of the United States to which the United States or any agency, officer or employee thereof is not a party, wherein the constitutionality of any Act of Congress affecting the public interest is drawn in question, the court shall certify such fact to the Attorney General, and shall permit the United States to intervene for presentation of evidence, if evidence is otherwise admissible in the case, and for argument on the question of constitutionality. The United States shall, subject to the applicable provisions of law, have all the rights of a party and be subject to all liabilities of a party as to court costs to the extent necessary for a proper presentation of the facts and law relating to the question of constitutionality.

**ISSUES:**

9. Plaintiff draws the attention of the court to the recent case where the United States' attorney's, without good cause, obstructed and delayed the courts in the Native American Trust Fund Audit cases.

10. The courts have routinely held that congress, and other legislative authority (rule-makers), know the law and all applicable procedures necessary to

implement that law.

11. The courts have routinely held that congress, and other legislative authority (rule-makers), know what they are doing in writing, passing, and publishing applicable law, THE EXPRESS LANGUAGE OF THE LEGISLATOR CONTROLS:

> Statutory interpretation is a question of law, which the court reviews de novo. State v. Keller, 143 Wn.2d 267, 276, 19 P.3d 1030 (2001). When statutory language is unambiguous, the court will look only to that language to determine legislative intent. The court cannot add words or clauses to an unambiguous statute when the Legislature has chosen not to include that language. The court should assume that the Legislature means exactly what it says. Delgado, 148 Wn.2d at 727. Statutory language is unambiguous when it is not susceptible to two or more interpretations.
> State v. Delgado, 148 Wn.2d 723, 726, 63 P.3d 792 (2003).

12. Congress, and other legislative authority (rule-makers), knew what they were doing in making 28 USC 2403 and 28 CFR 50.15, and also when establishing the sixty (60) day answer or response /default rule.

13. Congress and rule-makers, when establishing the applicable acts, 28 USC 2403 and 28 CFR 50.15, and the sixty (60) day answer or response /default rule, did not place any evidence of legislative intent that the procedures established by 28 USC

2403 and 28 CFR 50.15 created any "good cause" for delay. IF THE LEGISLATIVE AUTHORITIES HAD INTENDED THAT THE PROCEDURES OF 28 USC 2403 and 28 CFR 50.15 WERE UNDULY BURDENSOME AND MERE IMPLEMENTATION WAS "GOOD CAUSE" FOR DELAY THEY WOULD HAVE SET FORTH THAT LEGISLATIVE INTENT IN THE LANGUAGE OF THEIR LAWMAKING.

**CERTIFICATE OF DEFAULT**

**14. DEFENDANTS HAVE NOT ANSWERED OR DEMURRED TO PLAINTIFF'S CLAIMS WITHIN THE TIME ALLOWED BY LAW AND HAVE NOT ESTABLISHED GOOD CAUSE FOR DELAY AS A MATTER OF LAW.**

Respectfully presented this 13th day of January, 2006.

*[signature]*

Percy Newby, TRUSTEE
Plaintiff

| SERVICE CERTIFICATE |
|---|
| Declarant states that Declarant is competent to be a witness and that Declarant placed a copy of the instrument to which this certificate is affixed in the United States mail, First Class Postage prepaid addressed to each party and/or party's counsel as provided by law. |
| Signature *Jeanne Stockinger* |
| Name  Jeanne Stockinger |
| Date Executed  1-17-06 |