UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PERCY NEWBY,  )<br>PMB #308  )<br>c/o 17719 Pacific Ave. S.  )<br>Spanaway, WA 98387  )<br>  )<br>    Plaintiff,  )<br>  )<br>    v.  )<br>  )<br>NORMAN MINETA, SECRETARY,  )<br>U.S. DEPARTMENT OF  )<br>TRANSPORTATION,  )<br>  )<br>    Defendant.  )<br>_____) | Civil No.: 05-1800 RMC<br>ECF |

**DEFENDANT'S MOTION TO DISMISS AND OPPOSITION TO
PLAINTIFF'S PRELIMINARY INJUNCTION**

Pursuant to Rules 12(b)(1) and 12(b)(6), Defendants U.S. Department of Transportation and Secretary Norman Mineta, in his official and individual capacities, hereby move to dismiss for lack of subject matter jurisdiction and for failure to state a claim. In support of the Motion and Defendants' Opposition to Plaintiff's Motion for Preliminary Injunction, Defendants refer the Court to the attached Memorandum of Points and Authority in Support thereof.

Dated: February 6, 2006.                    Respectfully Submitted,


                                                /s/
                                   KENNETH L. WAINSTEIN, D.C. BAR #451058
                                   United States Attorney


                                                /s/
                                   R. CRAIG LAWRENCE, D.C. BAR #171538
                                   Assistant United States Attorney

                                                      /s/
_____
JOHN C. TRUONG, D.C. BAR #465901
Assistant United States Attorney
555 Fourth Street, N.W.
Washington, D.C.  20530
(202) 307-0406

Attorneys for Defendant

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| PERCY NEWBY, | ) | |
| PMB #308 | ) | |
| c/o 17719 Pacific Ave. S. | ) | |
| Spanaway, WA 98387 | ) | |
| | ) | |
| Plaintiff, | ) | Civil No.: 05-1800 RMC |
| | ) | ECF |
| v. | ) | |
| | ) | |
| NORMAN MINETA, SECRETARY, | ) | |
| U.S. DEPARTMENT OF | ) | |
| TRANSPORTATION, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS AND OPPOSITION TO PLAINTIFF'S PRELIMINARY INJUNCTION**

**I.   Introduction**

*Pro se* Plaintiff Percy Newby files this convoluted action against the U.S. Department of Transportation and Secretary Norman Mineta, in his official and individual capacities, seeking injunctive relief and damages in fine silver for not registering an airplane and for constitutional torts.  Mr. Newby also filed a Motion for Preliminary Injunction ("PI Motion") seeking similar relief.  Defendants have moved the Court to consolidate the PI Motion with the Complaint to decide the issues on the merits.

As shown below, Mr. Newby's Complaint and PI Motion fail to state a claim for which relief may be granted.  Accordingly, the Court should dismiss the Complaint and deny the PI Motion as moot.

1

II.     **Factual and Procedural Background**

As best as Defendants can determine from the Complaint, *pro se* Plaintiff Percy Newby is one of the members of the board of trustees of TimeShare Toys.  Compl. at 1.  It appears that Mr. Newby is suing the Department of Transportation and Secretary Mineta on his own behalf and purportedly on behalf of the executive trustees of TimeShare Toys.  Id.

According to the Complaint, it appears that TimeShare Toys purchased a 1960 Cessna 172, Serial No. 47688.  Compl. at 3; see also Declaration of Connie E. Jones ("Jones Decl.") at ¶ 6.  TimeShare Toys then initiated a registration process with the Federal Aviation Administration ("FAA") to register TimeShare Toys as the new owner of the Cessna.  Id.

In response, the FAA requested that TimeShare Toys submit a bill of sale showing a complete chain of ownership and a completed Aircraft Registration Application.  Jones Decl. at ¶ 7.  Mr. Kenneth Wayne, an Executive Trustee of TimesShare Toys, responded by declining to submit the requested bill of sale.   Then, on March 5, 2004, the FAA requested additional information from TimeShare Toys before it could register the Cessna.  Jones Decl. at ¶ 9.  To date, the FAA has not received any additional information from TimeShares Toy.  Id. at ¶ 10.

According to the Complaint, TimeShare Toys then registered the Cessna through a private registry and published its proof of ownership in Pierce County, Washington.  Compl. at 4.  This registration method does not comply with federal law and regulations governing the registration of private aircraft.  See Jones Decl. at ¶¶ 2-5 (explaining the regulatory procedures for properly registering an aircraft).  It appears that the FAA, through Special Agent Daniel Austin, arrested one of the trustees for failure to register the Cessna and for flying without a

license. Compl. at 4,8. S.A. [1]

The Complaint then alleges that Secretary Mineta, through S.A. Austin, impaired the execution of a contract between TimeShare Toys and Mr. David Nelson. Compl. at 5. Apparently, TimesShare Toys contracted Mr. Nelson to provide annual inspection and maintenance for the Cessna. Compl. at 5. According to the Complaint, Secretary Mineta, through S.A. Austin, grounded the airplane for not having a proper registration. Compl. at 5.

Mr. Newby files this lawsuit seeking damages for the arrest of one of the trustees for failure to register the Cessna. Compl. at 7 (¶ 1). He also seeks damages for the arrest of one of the trustees for flying without a proper Pilot Certificate from the FAA. Compl. at 8 (¶ 2). It also appears that Mr. Newby is bringing an APA claim against Defendants for not providing TimeShare Toys with the registration of the Cessna. Compl. at 9-10.

It appears that the Complaint also alleges a Bivens claim against Secretary Mineta for obstructing TimeShare Toys' contract with Mr. Nelson. Compl. at 10 (¶3). The Complaint also appears to claim that Secretary Mineta, through S.A. Austin, deprived TimeShare Toys of its property by seizing the Cessna. Compl. at 11 (¶4).

For relief, Mr. Newby is seeking declaratory and injunctive relief. Compl. at 12. In addition, he also seek damages in the form of "fine silver." Specifically, Mr. Newby seeks "damages in the amount of twenty (20) ounces of .999 fine silver (or its commercial equivalent)" for obstructing the TimeShare Toys' contract with Mr. Nelson. Compl. at 13 (¶ d). Mr. Newby also seeks "damages in the amount of twenty (20) ounces of .999 fine silver (or its commercial equivalent)" for each of the affected trustees. Compl. at 13 (¶ e). He seeks another "forty

---

[1] The Complaint does not identify the arrested trustee's identity.

thousand (40,000) ounces of .999 fine silver (or its commercial equivalent)" for taking TimeShare Toys' property – the Cessna. Id. at 13 (¶ f). Mr. Newby then seeks "one-hundred-thousand (100,000) ounces of silver (or its commercial equivalent) against Norman Y. Mineta for his acts, or failure to act" that resulted in the takings of the Cessna. Compl. at 14 (¶ h).

On January 19, 2006, the Court issued a Minute Order granting Defendants' motion for an extension of time until February 3, 2006, to respond to Mr. Newby's Complaint. See Jan. 19, 2006 Minute Order.[2] On the very next day, Mr. Newby filed a Certificate of Default. Dkt. No. 10. On that same day, he also filed a Motion for Preliminary Injunction. Dkt. No. 11 ("PI Motion"). The PI Motion claims that "Plaintiff suffers irreparable damage" because of Defendants' refusal to register the airplane. PI Motion at 3.[3] Therefore, the PI Motion asks that Defendants register the Cessna and provide Plaintiff with "alternative documentation" as to prevent "Plaintiff's principal's officers who fly" the plane from being arrested. Id.

Defendants then moved for an extension of time to respond to the PI Motion, explaining that the Court should consolidate the PI Motion with the Complaint under Fed. R. Civ. P. 65 and decide the issues on the merit. Dkt. No. 12.

### III.    Standard of Review

---

[2] In response to Defendants' motion for an extension of time filed on December 29, 2006 (Dkt. No. 8), on January 6, 2006, Mr. Newby filed a joint opposition and a motion for entry of default. Dkt. No. 9. Subsequently, on January 19, 2006, the Court issued a Minute Order granting Defendants' motion for an extension of time. Defendants assume that by granting Defendant's motion for an extension the Court constructively denied Mr. Newby's motion for entry of default. Unless instructed otherwise, Defendants will consider Mr. Newby's motion for entry of default as denied.

[3] Mr. Newby's PI Motion is not numbered and, therefore, Defendants will use the pagination provided by ECF.

Defendants move for dismissal under Rule 12(b)(1), as the Court lacks jurisdiction over the subject matter, and Rule 12(b)(6), as the plaintiffs fails to state a claim upon which relief can be granted. "In reviewing a motion to dismiss for lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), the court must accept the complaint's well-pled factual allegations as true and draw all reasonable inferences in the plaintiff's favor." Thompson v. Capitol Police Board, 120 F. Supp.2d 78, 81 (D.D.C. 2000) (citations omitted); see also Vanover v. Hantman, 77 F. Supp.2d 91, 98 (D.D.C. 1999). "The court is not required, however, to accept inferences unsupported by the facts alleged or legal conclusions that are cast as factual allegations." Rann v. Chao, 154 F. Supp. 2d 61, 64 (D.D.C. 2001), aff'd, 346 F.3d 192 (D.C. Cir. 2003), cert. denied, 125 S. Ct. 35 (2004). In addition, "[on] a motion to dismiss pursuant to Rule 12(b)(1), the plaintiff bears the burden of persuasion to establish subject-matter jurisdiction by a preponderance of the evidence." Thompson, 120 F. Supp.2d at 81; Vanover, 77 F. Supp.2d at 98.

A court may resolve a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) in either of two ways. First, the court may determine the motion based solely on the complaint. Herbert, 974 F.2d at 197. Alternatively, to determine the existence of jurisdiction, a court may look beyond the allegations of the complaint, consider affidavits and other extrinsic information, and ultimately weigh the conflicting evidence. See id.; Rann, 154 F. Supp. at 64.

Furthermore, a motion to dismiss brought pursuant to Rule 12(b)(6) should be granted if it is beyond doubt that a plaintiff can demonstrate no set of facts that supports his claim entitling him to relief. See Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see Sparrow v. United Air Lines, Inc., 216 F.3d 1111, 1117 (D.C. Cir. 2000).

5

**IV.    Argument**

    **A.    Mr. Newby Does Not Have Standing..**

Mr. Newby does not have standing to sue for the injuries suffered by his fellow trustee. The judicial power of United States courts is limited to the resolution of "cases" or "controversies."  U.S. Const. Art. III, § 2, cl. 1.  A vital aspect of the case or controversy requirement is that the plaintiff have standing to sue.  See, e.g., Allen v. Wright, 468 U.S. 737, 750 (1984); Warth v. Seldin, 422 U.S. 490, 498-99 (1975).   Article III standing requires that the plaintiff have suffered (1) an "injury in fact" that is (a) "concrete and particularized" and (b) "actual and imminent, not conjectural or hypothetical," (2) which is "fairly traceable" to the challenged conduct and (3) "likely" to be "redressed by a favorable decision."  Friends of the Earth, Inc. v. Laidlaw Environmental Services, Inc., 528 U.S. 167, 180-81 (2000) (citing Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992)).

The plaintiff, as the party invoking federal jurisdiction, has the burden of establishing its standing.  Natural Resources Defense Council v. Peña, 147 F.3d 1012, 1020 (D.C. Cir. 1998); see Cardinal Chem. Co. v. Morton Int'l, Inc., 508 U.S. 83, 98 (1993) (initial burden of establishing trial court's jurisdiction rests on party invoking jurisdiction).

Here, it appears that Mr. Newby is seeking damages based on the arrest of his fellow trustee.  See Compl. at 7-9 (¶¶ 1-2).   Specifically, according to Mr. Newby, S.A. Austin arrested a fellow trustee because that trustee failed to register the Cessna and failed to have a pilot license when operating the Cessna.  Compl. at 4 (¶ 5), 7 (¶1), 8 (¶2).  However, Mr. Newby has not alleged what damages, if any, that he actually suffered as a result of the arrest of his fellow trustee.  Without an allegation of injury, Mr. Newby does not have standing to sue on behalf of

6

his fellow trustee. In short, Mr. Newby has not shown that he suffered an "injury in fact" as a result of Defendants' conduct to have standing to sue. Therefore, the Court should dismiss claims against Defendants based on injuries suffered by the trustee for lack of subject matter jurisdiciton.

    B.  **No Bivens Claim Based on Respondeat Superior**.

It appears that Mr. Newby is claiming that Secretary Mineta, "through agent Austin," violated his "due process of law" because Secretary Mineta "refused or neglected to exhaust administrative remedies prior to seizing" the Cessna. Compl. at 10-11 (¶ 3). It also appears that Mr. Newby claims Secretary Mineta, "through agent Austin," used "terrorist style tactic" that "effected a taking of TimeShare Toys' property interest in the Cessna." Compl. at 11 (¶ 4). Mr. Newby is seeking 100,000 ounces of fine silver in damages against Secretary Mineta. Compl. at 14 (¶ h).

Secretary Mineta is not liable for the constitutional torts committed "through" S.A. Austin under the doctrine of *respondeat superior*. Monell v. Department of Social Services, 436 U.S. 658 (1978); Cameron v. Thornburgh, 983 F.2d 253, 258 (D.C. Cir. 1993); Meyer v. Reno, 911 F.Supp. 11, 15 (D. D.C. 1996). Such a theory has consistently been rejected by the courts. As the D.C. Circuit stated in Simpkins v. D.C. Government, 108 F.3d 366 (D.C. Cir. 1997):

> Bivens claims cannot rest merely on respondeat superior. Cameron v. Thornburgh, 983 F.2d 253, 258 (D.C. Cir. 1993). The complaint must at least allege that the defendant federal official was personally involved in the illegal conduct. See also Tarpley v. Greene, 684 F.2d 1, 9-11 (D.C. Cir. 1982).

Simpkins v. D.C. Government, 108 F.3d at 369.

Here, Mr. Newby has not alleged that Secretary Mineta himself committed any act against TimeShares Toys. He merely alleges that Secretary Mineta, "through agent Austin,"

7

engaged in certain conduct against TimeShare Toys. Under these facts, Mr. Newby cannot maintain a <u>Bivens</u> suit against Secretary Mineta for personal liability based on the conduct of S.A. Austin. Accordingly, the Court should dismiss these claims for failure to state a claim.[4]

### C. Mr. Newby's Motion for Preliminary Injunction.

Mr. Newby's PI Motion cannot succeed on the merits. As best as Defendants can discern from the PI Motion, the Motion is based on the same facts as alleged in the Complaint but it appears that Mr. Newby is seeking additional injunctive relief . Specifically, the PI Motion seeks to have Defendants issue to TimeShare Toys the registration for the Cessna. PI Motion at 3. It also appears that PI Motion is seeking the issuance of "alternative documentation" to TimeShare Toys so that its "principal's officers" will not be arrested for flying the Cessna. <u>Id</u>.

These requests may be construed as one "to compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1). The Supreme Court has interpreted this language to limit the court's power to compel agency action only where the agency has failed to perform a clear, mandatory, non-discretionary duty as to a discrete agency action. <u>Norton v. South Utah Wilderness Alliance</u>, 124 S.Ct. 2373, 2379-80 (2004). The Supreme Court also emphasized that the "only agency action that can be compelled under the APA is action legally required." <u>Id</u>. at 2379.

In this case, the reason the FAA has not acted on TimeShare Toys' registration

---

[4] To the extent that Mr. Newby alleges that Secretary Mineta personally engaged in some conduct that violated Mr. Newby's constitutional rights, Secretary Mineta is protected by qualified immunity. Federal defendants sued in their individual capacity enjoy a qualified immunity from liability for Constitutional torts. <u>Cleavinger v. Saxner</u>, 474 U.S. 193, 206 (1985); <u>Procunier v. Navarette</u>, 434 U.S. 555, 561 (1978). Therefore, Mr. Newby's claims against Secretary Mineta in his individual capacity will also fail as a matter of law.

application is because it is still waiting for TimeShare Toys to provide the requested documents. As discussed fully in Ms. Connie Jones' Declaration, TimeShare Toys purchased the Cessna from Fern Chistensen and wished to register it.  Jones Decl. at 6.  On October 27, 2003, The FAA sent a letter to TimeShare Toys asking it to submit a signed bill of sale by Fern Christensen (the seller).  Id. at ¶ 7.  The letter also asked TimeShare Toys to provide a completed Aircraft Registration Application and another copy of a signed bill of sale showing the conveyance of the Cessna from Andrew L. Christensen (original owner) to Fern Christensen (seller)  Id at 7.

In response, Mr. Kenneth Wayne, Executive Trustee of TimeShare Toys, refused to provide the requested bill sale (from Andrew Christen to Fern Christensen).  Id. at ¶ 8  Subsequently, on March 5, 2004, the FAA sent another letter to Mr. Wayne asking for additional documents, including the previously requested bill of sale and "an affidavit certifying the U.S. citizenship of beneficiaries and other persons with a security interest in the trust."  Id. at ¶ 9.  To date, the FAA has not received any documents from the Mr. Wayne or TimeShare Toys.  Id. at ¶ 10.

Under these facts, the FAA has not failed to "perform a clear , mandatory" agency action.

Rather, the FAA is still waiting for additional information from TimeShare Toys to make a decision on the Cessna's registration.  The burden is on TimeShare Toys to provide the necessary information for the FAA to process the Cessna's registration.  Accordingly, the Court should deny Mr. Newby's PI Motion as it cannot prevail on the merits.[5]

---

[5] Since Mr. Newby will not succeed on the merits Defendants will not address the three remaining prongs for preliminary injunctive relief, including whether irreparable harm will occur if the injunction is not granted; whether an injunction would not substantially injure other interested parties; and whether the public interest would be furthered by the injunction.  Int'l

**V.     Conclusion.**

For the foregoing reasons, the Court should dismiss the above-captioned action for lack of subject matter jurisdiction and for failure to state a claim. In addition, the Court should deny Mr. Newby's Motion for Preliminary Injunction as he cannot prevail on the merits.

Dated: February 3, 2006.                    Respectfully Submitted,


                                            /s/
                                            KENNETH L. WAINSTEIN, D.C. BAR #451058
                                            United States Attorney


                                            /s/
                                            R. CRAIG LAWRENCE, D.C. BAR #171538
                                            Assistant United States Attorney


                                            /s/
                                            JOHN C. TRUONG, D.C. BAR #465901
                                            Assistant United States Attorney
                                            555 Fourth Street, N.W.
                                            Washington, D.C.  20530
                                            (202) 307-0406

                                            Attorneys for Defendant

---

Ass'n Machinist & Aeorspace Workers v. Nat'l Mediation Bd., - - F. Supp. 2d - -, 2005 WL 1437433, at * 2 (June 20, 2005 D.D.C.).

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| PERCY NEWBY, )<br>PMB #308 )<br>c/o 17719 Pacific Ave. S. )<br>Spanaway, WA 98387 )<br> )<br> Plaintiff, ) Civil No.: 05-1800 RMC<br> ) ECF<br> v. )<br> )<br>NORMAN MINETA, SECRETARY, )<br>U.S. DEPARTMENT OF )<br>TRANSPORTATION, )<br> )<br> Defendant. )<br>_____ ) | |

**[PROPOSED] ORDER GRANTING DEFENDANTS' MOTION TO DISMISS AND DENYING PLAINTIFF'S PRELIMINARY INJUNCTION**

Upon consideration of Defendants' Motion to Dismiss and Opposition to Plaintiff's Motion for Preliminary Injunction, Plaintiff's Motion for Preliminary Injunction, and the entire record herein, it is this _____ day of _____, 2006,

ORDERED that Defendants' Motion to Dismiss be and is hereby GRANTED; it is

ORDERED that Plaintiff's Motion for Preliminary Injunction be and is hereby DENIED; and it is

FURTHER ORDERED that the above-captioned action be and is hereby DISMISSED with prejudice.

SO ORDERED.

_____
U.S. District Judge

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that, on February 3, 2006, service of the foregoing Defendants' Motion to Dismiss and Opposition to Plaintiff's Motion for Preliminary Injunction was made via the Court's Electronic Case Filing System and by first class, postage prepaid mail to pro se plaintiff addressed as follows:

Mr. Percy Newby
PMB #308
c/o 17719 Pacific Ave. S.
Spanaway, WA 98387

/s/
JOHN C. TRUONG
Assistant United States Attorney