*PLAINTIFF:*
Percy Newby, TRUSTEE
PMB #308
C/o 17719 Pacific Ave. S.
Spanaway
Washington

District Court of the United States
For the District of Columbia

| | |
|---|---|
| **Percy Newby,** TRUSTEE<br>PLAINTIFF<br><br>VS.<br><br>**DEPARTMENT OF TRANSPORTATION**; et al.<br>DEFENDANTS | No.<br><br>05-CV-01800 RMC<br><br>**PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION FOR EXTENSION OF TIME TO RESPOND TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**<br><br><u>Service</u><br>by United States Mail, posted January 30, 2006 per certificate affixed below |

**COMES NOW THE PLAINTIFF** to OPPOSE Defendants' motion for time as to Plaintif's motion for a preliminary injunction:

**VERIFICATION**

<u>WITNESS TESTIMONY</u>

| | | |
|---|---|---|
| *Pierce county* | ) | |
| | ) | *DECLARATION* |
| *Washington state* | ) | |

---

Newby-Trustee v Mineta PRELIMINARY INJ DELAY OPPOSITION.doc

**RECEIVED**

FEB 2 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

*Declarant states that Declarant is competent to be a witness and that the facts alleged in this complaint are true and correct to the best of Declarant's first hand knowledge and belief under penalty of perjury pursuant to the law of <u>The People of the State of Washington</u>.*



Kenneth Wayne, Declarant                January 30, 2006
                                        Date

## 2ND WITNESS TESTIMONY

*Pierce county                )*
*                             )   DECLARATION*
*Washington state             )*
*Declarant states that Declarant is competent to be a witness and that the facts alleged in this complaint are true and correct to the best of Declarant's first hand knowledge and belief under penalty of perjury pursuant to the law of <u>The People of the State of Washington</u>.*

Percy Newby, Declarant                  January 30, 2006
                                        Date

## ANCIENT MAXIM OF LAW

**"at the mouth of two witnesses, …, shall the matter be established" Deuteronomy 19:15 KJV.**

### FACTS

1. Plaintiff, having been subjected to repeated delays in his constitutionally protected due process rights to "his day in court" has requested the court to issue a preliminary injunction to

protect both Plaintiff's rights and mitigate damages resulting from Defendants' unlawful actions.

2. Defendants' counsel now seeks to delay even a mitigatory protective injunction.

3. Defendants' counsel asks the court to DELAY the hearing on the preliminary injunction until some future date of consolidation with trial on the merits.

## LAW

4. FRCP 65 provides for the advancement of trial on the merits to the date of hearing on the preliminary injunction, but does not provide for delay for such consolidation as sought by Defendants' counsel:

> (2) **Consolidation of Hearing With Trial on Merits.** Before or after the commencement of the hearing of an application for a preliminary injunction, <u>the court may order the trial of the action on the merits to be advanced and consolidated with the hearing of the application</u>. Even when this consolidation is not ordered, any evidence received upon an application for a preliminary injunction which would be admissible upon the trial on the merits becomes part of the record on the trial and need not be repeated upon the trial. This subdivision (a)(2) shall be so construed and applied as to save to the parties any rights they may have to trial by jury.

5. Defendants' counsel's position would effectively defeat the entire object of the

procedure for a preliminary injunction since, after trial on the merits a permanent injunction would be appropriate.

## CONCLUSION

1. Delay of the hearing on the Preliminary injunction would effectively deny Plaintiff his constitutionally protected due process right to a prompt hearing on the PRELIMINARY injunction, the entire premise of which is a preliminary protection of constitutionally protected rights pending outcome of the case-in-chief.

2. Defendants' counsel as seeking the court's collusion in depriving Plaintiff of his constitutionally protected rights (18 USC 242, 241) by misrepresenting the consolidation provision in Rule 65.

WHEREFORE Plaintiff requests the court deny Defendants' counsel's motion for time and issue its preliminary injunction as requested by Plaintiff.

Respectfully presented this 30th day of January 2006.

*[signature: P Newby]*

Percy Newby, TRUSTEE
Plaintiff

**SERVICE CERTIFICATE**
Declarant states that Declarant is competent to be a witness and that Declarant placed a copy of the instrument to which this certificate is affixed in the United States mail, First Class Postage prepaid addressed to each party and/or party's counsel as provided by law.

Signature *[signature]*
Name Jeanne Stockinger
Date Executed 1-30-06

Newby-Trustee v Mineta PRELIMINARY INJ DELAY OPPOSITION.doc