UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PERCY NEWBY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No.: 05-1800 (RMC) |
| ) | |
| NORMAN MINETA, ) | ECF |
| SECRETARY, U.S. DEPART. ) | |
| OF TRANSPORTATION, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

### DEFENDANT'S MOTION TO STAY DISCOVERY
### PENDING RESOLUTIN OF MOTION TO DISMISS

Defendant Norman Mineta, Secretary, United States Department of Transportation, in his official capacity, hereby moves the Court for an order staying all discovery pending the resolution of Defendant's Motion to Dismiss, which was filed on February 3, 2006. See Dkt No. 13. In support of the said Motion, Defendant refers the Court to the attached Memorandum of Points and Authorities.

Pursuant to Local Rule 7(m), the undersigned counsel intended to contact *pro se* Plaintiff Percy Newby to confer on this motion; however, the undersigned cannot locate Mr. Newby's phone number, which is not listed on his Complaint or the Court's docket.

Dated: February 13, 2006.          Respectfully Submitted,

                                                    /s/
                                   KENNETH L. WAINSTEIN, D.C. BAR #451058
                                   United States Attorney

        /s/
_____
R. CRAIG LAWRENCE, D.C. BAR #171538
Assistant United States Attorney


        /s/
_____
JOHN C. TRUONG, D.C. BAR #465901
Assistant United States Attorney
555 Fourth Street, N.W.
Washington, D.C.  20530
(202) 307-0406

Attorneys for Defendant

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| PERCY NEWBY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.: 05-1800 (RMC) |
| | ) | |
| NORMAN MINETA, | ) | ECF |
| SECRETARY, U.S. DEPART. | ) | |
| OF TRANSPORTATION, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF DEFENDANT'S MOTION TO STAY
DISCOVERY PENDING RESOLUTION OF MOTION TO DISMISS**

I.  **Background**

As explained in Defendant's Motion to Dismiss, as best as Defendant can determine, *pro se* Plaintiff Percy Newby, as a trustee, brings this lawsuit seeking injunctive relief and damages in fine silver alleging that the Federal Aviation Administration failed to register a private airplane and that Secretary Norman Mineta, through Special Agent Daniel Austin, committed certain constitutional torts.  See Dkt. No. 13 at 2-4.  Defendant moved to dismiss Mr. Newby's complaint on several grounds arguing that (1) Mr. Newby does not have standing to sue on behalf of his fellow trustee; and (2) Mr. Newby cannot maintain a Bivens claim against Secretary Norman Mineta under the *respondeat superior* theory.  Id. 5-8.

Prior to the filing of Defendant's motion to dismiss, Mr. Newby served his discovery – Deposition Upon Written Question of Witness: Daniel Austin – upon Defendant.  Mr. Newby failed to sign the Certificate of Service, attached to the discovery request.  However, it appears

1

that Mr. Newby sent the discovery request to the undersigned on or about January 11, 2006, as the postmark stamp on the envelope indicates a "January 11, 2006" mailing date.  The discovery request, however, did not arrive at this Office until January 19, 2006.

Mr. Newby's discovery request seeks from Special Agent Daniel Austin, *inter alia*, information pertaining to the investigation of the Cessna referenced in the Complaint and actions taken to ground the Cessna.  The discovery request also seeks information on S.A. Austin's appointment as a special agent and his training.  See Gov. Exh. A.

**II.    Argument**

   **A.    Discovery is Premature**

Under Fed. R. Civ. P. 26(d), there is a discovery moratorium until the parties have had an opportunity to confer under Rule 26(f).  See Fed. R. Civ. P. 26(d) (stating "a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)."); see also Local Rule 26.2(a).  Certain proceedings are exempt from this discovery moratorium.  Id. These exempted proceedings include lawsuits seeking judicial review of administrative proceedings.  Id.

Here, it appears that Mr. Newby is seeking redress under the Administrative Procedure Act ("APA") because the Federal Aviation Administration has not issued a registration for the Cessna.  It is well established , however, that cases brought under the APA are decided on the administrative record created during proceedings before the agency and not subject to discovery, except in very limited circumstances not applicable here.  See Common Sense Salmon Recovery v. Evans, 217 F. Supp.2d 17, 20 (D.D.C. 2002) (noting that "generally discovery is not permitted in Administrative Procedure Act cases because a court's review of an agency's decision is

confined to the administrative record."); see also Alaska Excursion Cruises Inc. v. United States, 603 F. Supp. 541, 550 (D.D.C. 1984). Therefore, discovery is inappropriate at this time.

In any event, Mr. Newby also claims damages against Secretary Mineta, in his individual capacity, under Section 1983, to which Rule 26(d) and Local Rule 26.2 would ordinarily apply to require a Rule 26(f) conference prior to discovery. To date, the parties have not conferred under Rule 26(f) and, therefore, Mr. Newby's discovery request at the very least is premature. See 6 *Moore's Federal Practice*, § 26.121 (Matthew Bender 3d ed.). Furthermore, Defendant has moved to dismiss Mr. Newby's claims. That motion is presently not ripe for a ruling by the Court as Mr. Newby has not responded to the motion to dismiss. However, should the the Court grant Defendant's Motion to Dismiss, discovery would be unnecessary. Accordingly, Mr. Newby's discovery request is simply premature at this time.

    **B.**    **All Discovery Should Be Stayed Until The Court Rules on Defendant's Dispositive Motion.**

Federal courts have broad discretion to manage the conduct of discovery to protect a party from undue burden or expense or otherwise to promote the ends of justice by granting an appropriate order to limit or postpone discovery. See Chavous v. District of Columbia Financial Responsibility and Management Assistance Authority, 201 F.R.D. 1, 2 (D.D.C. 2001). See also Heidelberg Americas, Inc. v. Tokyo Kikai Seisakusho, Ltd., 333 F.3d 38 (1st Cir. 2003) (noting that "district courts exercise broad discretion to manage discovery matters."); Stella v. Mineta, 147 F.3d 135, 147 (D.C. Cir. 2002) (stating that "district courts are afforded substantial discretion to manage discovery as they see fit."). Given this vast discretion, this Court "should not hesitate to exercise appropriate control over the discovery process" in this case. Herbert v.

Lambo, 441 U.S. 153, 177 (1979); see also Fed. R. Civ. P. 26(c).  Therefore, it is an appropriate exercise of this Court's broad discretion to stay discovery until it resolves Defendant's pending dispositive motion.  See Chavous, 201 F.R.D. at 2 ( noting that "[i]t is settled that entry of an order staying discovery pending determination of dispositive motions is an appropriate exercise of the court's discretion.").  See also Heckman v. Dep't of Agriculture, 2005 WL 1532961, * 2 (W.D. Wash. June 24, 2005) (granting motion to stay discovery pending resolution of dispositive motion); Howse v. Atkinson, 2005 WL 994572, *1 (D. Kan. Apr. 27, 2005) (noting that "a court may appropriately stay discovery until a pending motion is decided where the case is likely to be fully concluded as a result of a ruling on the dispositive motion); Tilley v. United States, 270 F. Supp.2d 731, 734 (M.D.N.C. 2003) (staying discovery pending determination of a dispositive motion is an appropriate exercise of the court's discretion).

      Here, were this Court to grant Defendant's pending Motion to Dismiss, the discovery sought by Mr. Newby would prove unnecessary.  Accordingly, the Court would conserve the parties' time and resources by staying all discovery until the Court rules on Defendants' dispositive motion.  See 6 *Moore's Federal Practice*, § 26.105[3][c] (noting that "a stay of discovery is appropriate when a [dispositive] motion appears to have substantial grounds or, stated another way, does not 'appear to be without foundation in law.'").

 **Conclusion**

      For the reasons stated above, the Court should stay all discovery until the Court rules on the pending Motion to Dismiss.

Dated: February 13, 2006.                            Respectfully Submitted,

                                                                     /s/

          KENNETH L. WAINSTEIN, D.C. BAR #451058
          United States Attorney


          _____/s/_____
          R. CRAIG LAWRENCE, D.C. BAR #171538
          Assistant United States Attorney


          _____/s/_____
          JOHN C. TRUONG, D.C. BAR #465901
          Assistant United States Attorney
          555 Fourth Street, N.W.
          Washington, D.C.  20530
          (202) 307-0406

          Attorneys for Defendant

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| PERCY NEWBY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.: 05-1800 (RMC) |
| | ) | |
| NORMAN MINETA, | ) | ECF |
| SECRETARY, U.S. DEPART. | ) | |
| OF TRANSPORTATION, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**ORDER GRANTING DEFENDANT'S MOTION TO STAY ALL DISCOVERY PENDING RESOLUTION OF MOTION TO DISMISS**

Upon consideration of Defendant's Motion to Stay Discovery Pending Resolution of Motion to Dismiss and the entire record herein, it is this _____ day of _____, 2006,

ORDERED that Defendant's Motion to Stay Discovery Pending Resolution of Motion to Dismiss be and is hereby GRANTED; and it is

FURTHER ORDERED that all discovery is STAYED until the resolution of Defendant's dispositive motion.

SO ORDERED.

_____
U.S. District Judge

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that, on February 13, 2006, service of the foregoing Defendant's Motion to Stay All Discovery Pending Resolution of Motion to Dismiss was made via the Court's Electronic Case Filing System and by first class, postage prepaid mail to pro se plaintiff addressed as follows:

Mr. Percy Newby
PMB #308
c/o 17719 Pacific Ave. S.
Spanaway, WA 98387

/s/
JOHN C. TRUONG
Assistant United States Attorney