*PLAINTIFF:*
Percy Newby, TRUSTEE
PMB #308
C/o 17719 Pacific Ave. S.
Spanaway
Washington

## District Court of the United States
### For the District of Columbia

**Percy Newby,** TRUSTEE
     PLAINTIFF

**VS.**

**DEPARTMENT OF
TRANSPORTATION;** et al.
     DEFENDANTS

No.

**05-CV-01800 RMC**

**PLAINTIFF'S OBJECTION(S)
TO DEFENDANTS MOTION FOR
DISMISSAL, ETC.**

<u>Service</u>

**COMES**   **NOW**   **THE**   **PLAINTIFF**   in   opposition   to
Defendant's   MOTION   TO   DISMISS   AND   OPPOSITION   TO
PLAINTIFF'S   PRELIMINARY   INJUNCTION   based   upon
actual testimony evidence.

### VERIFICATION

*WITNESS TESTIMONY*

*Pierce county*            )

                             )     *DECLARATION*

*Washington state*        )

*Declarant states that Declarant is competent to be
a witness and that the facts alleged in this
complaint are true and correct to the best of
Declarant's first hand knowledge and belief under*

RECEIVED

FEB 2 1 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

penalty of perjury pursuant to the law of <u>The
People of the State of Washington</u>.

_Kenneth Wayne, Declarant_          February 15, 2006
                                    Date

### 2ND WITNESS TESTIMONY

Pierce county                    )
                                 )    DECLARATION
Washington state                 )

Declarant states that Declarant is competent to be
a witness and that the facts alleged in this
complaint are true and correct to the best of
Declarant's first hand knowledge and belief under
penalty of perjury pursuant to the law of <u>The
People of the State of Washington</u>.

_Percy Newby, Declarant_          February 15, 2006
                                  Date

### ANCIENT MAXIM OF LAW

"at the mouth of two witnesses, …, shall the matter
be established" Deuteronomy 19:15 KJV.

FIRST OBJECTION

# QUO WARRANTO:

Defendants' attorney(s) <u>previously certified to the
court</u> pursuant to Federal Rules of Civil Procedure
(FRCP) 11 that s/he /they did not have the
authorization required by statute to represent
Defendants NORMAN Y. MINETA, SECRETARY OF
TRANSPORTATION; and, OFFICIAL BOND OF SECRETARY

NORMAN Y. MINETA (see Defendants' first MOTION FOR TIME, Docket #6).

**Plaintiff requests and demands that Defendants' attorney(s) provide evidence to the record that the statutory requisites for each separate party the attorney(s) purport to represent have been completed.**

**Plaintiff requests and demands the court deny the motion to dismiss unless the attorney's cure this defect in the record prior to hearing on the motion to dismiss.**

It being a matter of the record of the court that Defendants' attorney do not have jurisdiction to represent the Secretary, or the Secretary's bonding agent, as a matter of statute unless certain procedures are completed and approved:

**It is the duty, as a matter of clearly established law, of the Plaintiff and the court to demand proof of authority from a person purporting to represent government, or an instrumentality or agency of government:**

OFFICIAL NOTICE:

"Whatever the form in which the Government functions, anyone entering into an arrangement with the Government takes the risk of having accurately ascertained that he who purports to

act for the Government stays within the bounds of his authority. The scope of this authority may be explicitly defined by Congress or be limited by delegated legislation, properly exercised through the rule-making power. And this is so even though, as here, the agent himself may have been unaware of the limitations upon his authority. See, e.g., Utah Power & Light Co. v. United States, 243 U.S. 389, 409 , 391; United States v. Stewart, 311 U.S. 60, 70 , 108, and see," generally, In re Floyd Acceptances, 7 Wall. 666."

**IF THE ATTORNEY(S) ARE UNABLE TO PROVIDE PROOF OF AUTHORITY TO THE RECORD, THE COURT HAS A DUTY TO DENY THE MOTION TO DISMISS, ETC., FOR LACK OF JURISDICTION.**

**IF THE PROOF OF APPROVAL TO REPRESENT AS REQUIRED BY STATUTE IS PRESENTED TO THE COURT'S RECORD, PLAINTIFF OBJECTS FURTHER:**

SECOND OBJECTION

Defendant(s)' attorneys, through incompetence or intentional misreading of Plaintiff's complaint misconstrue Plaintiff's complaint, as follows:

On Page 2, ¶ 1 of Defendant memorandum, Defendants appear to misunderstand that Plaintiff is suing both on his own behalf and "on behalf of the executive trustees" of TimeShare Toys. **Plaintiff's complaint clearly states that Plaintiff is bringing the action in his own name on behalf of his principal, TimeShare Toys, as provided at Federal**

**Rule of Civil Procedure (FRCP) 17.** Evidence of the form and substance of TimeShare Toys, as a business trust entity, is published at Pierce county, Washington, and is a matter of public record #9809100260 (See Attachment "A"). A true copy of Plaintiff's contract of acknowledgement as Special Executive Trustee is attached hereto (see Attachment "B").

On Page 2, ¶ 2 of Defendant memorandum, Defendants appear to misunderstand that TimeShare Toys "initiated a registration process" with the FAA. The administrative record shows that **TimeShare Toys initiated an administrative action with the FAA to determine if registration were a voluntary or mandatory procedure, and submitted evidence and documentation to support registration, if mandatory.**

On Page 2, ¶ 3 of Defendant memorandum, Defendants assert that upon request by the FAA TimeShare Toys declined to provide a Bill of Sale upon request. **The administrative record shows that TimeShare Toys CONDITIONALLY declined to provide the ORIGINAL proof of ownership subject to the FAA showing lawful authority for a taking of the evidence of ownership (PROPERTY) without compensation as**

<u>provided in the federal constitution</u>.    FURTHER,
TimeShare Toys provided the FAA two Certified
copies of the requested Bill of Sale, one certified
by private authority, the other by Notary Public,
both recognized by law as evidencing the facts they
purport to represent as recognized by Federal Rules
of Evidence (FRE) 902(8). UNLESS THE <u>INTENT</u> OF THE
FAA IS TO DEMAND A "TAKING" AS CONTEMPLATED BY THE
FEDERAL CONSTITUTION OF THE PROPERTY INTEREST IN
THE CESSNA, CERTIFIED COPIES ARE ADEQUATE EVIDENCE
OF OWNERSHIP.

On Page 2, ¶ 4 of Defendant memorandum, Defendants
ACKNOWLEDGE that the FAA has evidence that
TimeShare Toys completed a private registration
published as a matter of public record at Pierce
county, Washington. **This stipulation shows that
the FAA had actual evidence of the true ownership
of the Cessna as recognized at FRE 902(1); 902(2);
or so far as Washington state is a sovereign nation
in its own right foreign to the United States FRE
902 (c). UNLESS THE <u>INTENT</u> OF THE FAA IS TO DEMAND
A "TAKING" AS CONTEMPLATED BY THE FEDERAL
CONSTITUTION OF THE PROPERTY INTEREST IN THE
CESSNA, CERTIFIED COPIES ARE ADEQUATE EVIDENCE OF
OWNERSHIP.**

On Page 2, ¶ 4 of Defendant memorandum, Defendants assert that "This registration method does not comply with federal law and regulations governing the registration of private aircraft." **Plaintiff and witness** (Verification above) **are unable to find any statutes or regulations relating to the registration of private aircraft, only statutes and regulations relating to registration of CIVIL AIRCRAFT, see 49 USC 41107(a)(1). The "Jones Declaration" further references only registration of "civil aircraft" NOT private aircraft or airplanes. NOTE: Federal constitutional commerce clause jurisdiction is clarified and implemented by statute at 49 USC 40102, et seq. as *air commerce* means *foreign air commerce, interstate air commerce, the transportation of mail by aircraft, the operation of aircraft within the limits of a Federal airway, or the operation of aircraft that directly affects, or may endanger safety in, foreign or interstate air commerce.* NEITHER THE ADMINISTRATIVE RECORD, NOR THE TESTIMONY OF DEFENDANTS' WITNESS JONES EVEN APPEARS TO CLAIM ANY AUTHORITY RELATING TO PRIVATE AIRCRAFT OR AIRPLANES. NEITHER THE ADMINISTRATIVE RECORD, RECORDS ESTABLISHED BY SPECIAL AGENT DANIEL AUSTIN, NOR THE TESTIMONY OF DEFENDANTS' WITNESS JONES EVEN**

**APPEARS TO CLAIM THE CESSNA WAS ENGAGED IN "AIR COMMERCE."**

On Page 2, ¶ 4 of Defendant memorandum, Defendants admit that Defendants' records evidence that Special Agent Daniel Austin arrested one of the trustees for 'failure to register" the aircraft, and "flying without a license." **The administrative record, the testimony of Defendants' witness Jones, and the documents received by TimeShare Toys relating to Special Agent Austin's actions DO NOT allege, assert, or even imply as a material fact that the Cessna, Serial #47688 ever engaged in _foreign air commerce, interstate air commerce,_ or the _transportation of mail by aircraft,_ and never alleged operation _within the limits of a Federal airway,_ or that the Cessna, Serial #47688 _directly affected, or endangered safety in foreign or interstate air commerce_.**

By the ADMITTED ARMED ATTACKS against TimeShare Toys' contractors, David Nelson and Kenneth Wayne, and KIDNAPPING OF TimeShare Toys Contractor and Executive Trustee Kenneth Wayne and threats of further armed attacks and kidnappings, Special Agent Daniel Austin unconstitutionally impaired the obligations of contracts (treason – acts of war)

and effectively have taken TimeShare Toys property interest in the Cessna, Serial #47688, by making it unsafe (actual risk of armed attack and kidnapping based upon prior conduct and threats of similar future conduct) to operate and maintain TimeShare Toys' Cessna.

**NOTE:** HISTORICALLY, John Fitzgerald Kennedy, ACTING AS PRESIDENT OF THE UNITED STATES, THREATENED THE USE OF ARMED FORCE TO IMPAIR THE OBLIGATIONS OF CONTRACTS (international monetary system treaties) AND WAS DEEMED TO HAVE COMMITTED AN ACT OF TREASON AND RECEIVED THE CONSTITUTIONAL PENALTY FOR THE TREASONOUS ACT.

Neither the administrative record, nor Defendants' witness Jones testimony, nor any evidence received by TimeShare Toys relating to Special Agent Daniel Austin's armed attacks against TimeShare Toys' contractors, evidences that Secretary Minetta, or any person(s) acting for Secretary Minetta, complied with the constitutional and statutory due process requirements of 49 USC 46101, et seq. relating to Special Agent Daniel Austin's armed attacks against TimeShare Toys and its officers and contractors.

Article VI of the federal constitution mandates

that Secretary Appointee Mineta execute an Oath of Office contract, in his private capacity as a requisite to performing the duties of federal executive office.

As asserted by Defendants, the court must accept the Plaintiff's factual allegations as true and draw all reasonable inferences in favor of the Plaintiff.

DEFENDANTS HAVE NOT PROVIDED TO THE RECORD ANY EVIDENCE OF HOLDING A FORMAL ADMINISTRATIVE HEARING AS TO THE CONTROVERSIES APPEARING IN THE ADMINISTRATIVE RECORD, AND THERE APPEARS NO DETERMINATION BY ANY ADMINISTRATIVE HEARINGS OFFICER OR ADMINISTRATIVE LAW JUDGE CONTRARY TO TimeShare Toys' CLAIMS AS TO LAW AND FACT.

THE DEFENDANTS HAVE NOT PRODUCED TO THE COURT'S RECORD ANY EVIDENCE OF ANY ADMINISTRATIVE RECORD SUPPORTING A CONSTITUTIONAL CLAIM THAT THE FAA MAY REQUIRE A PARTY TO CONVEY ORIGINAL PROOF OF OWNERSHIP OF PRIVATE PROPERTY TO THE FAA.

**THE CASE BEFORE THE COURT REQUIRES DECLARATORY DETERMINATION OF:**

**A.** May the government, constitutionally, through its office Secretary of Transportation via agency Federal Aviation Administration (FAA): 1) compel

(taking by operation of law) a private party to turn the original proof of ownership over to the government, making the government holder in due course of the ownership of the property; and, 2) without just compensation.

**TimeShare Toys was informed that the government intended to take the evidence of ownership (a commercial instrument) and execute its marking (endorsement) evidencing acceptance of the value represented by the instrument (conveyance) and return the marked (cancelled) instrument to TimeShare Toys along with a "registration form" allowing TimeShare Toys a limited use right to the government's property, now a government owned "civil aircraft".** The Government (FAA) did not make any offer of compensation for the property interest in the Cessna to TimeShare Toys, instead by the acts of Special Agent Daniel Austin, taking the property interest at the point of a gun (act of war /terrorism) and via kidnapping of TimeShare Toys' Executive Trustee without due process of law and without just compensation contrary to the federal constitution. Defendant, Secretary Mineta, having actual knowledge (or willful ignorance) has taken no steps to prevent or correct the taking of the property, or mitigate the threats against

TimeShare Toys' officers and contractors, evidencing the intent to ratify and condone the unconstitutional armed acts of Special Agent Daniel Austin. **Having an Oath of Office contract to uphold the constitution, and an extraordinary duty to prevent or correct constitutional wrongs as expressly articulated by congress at 42 USC 1986, 1985, a failure to take overt steps to mitigate or correct the constitutional wrongs establishes evidence of ratification of the constitutional wrongs. Plaintiff's complaint alleges a breach of an Oath of Office contract required by the federal constitution and alleged to have resulted in injury, damage, and /or other violations of the federal constitution's contract clause, due process clause, and /or takings clause resulting in injury and /or damage, placing a CASE involving a federal constitutional question before the court.**

As eloquently convoluted as Defendants' motion to dismiss and objection to a preliminary injunction is, at no point do Defendants assert that the takings clause of the federal constitution 1) is not applicable; 2) has been amended; or 3) has been repealed, or even infer argument as to any of those issues. **Neither the administrative record, nor Defendants' witness Jones testimony, evidence any**

effort at compliance with the federal constitution's takings clause. <u>Plaintiff's complaint alleges a taking of a property right invoking the federal constitution's takings clause</u>, <u>placing a CASE involving a federal constitutional question before the court</u>.

**B.** Defendants' motion and objection further do not deny that the demand for the original proof of ownership with the intent to endorse /cancel it does not constitute a taking of a property interest in the Cessna. **Neither the administrative record, nor Defendants' witness Jones testimony, evidence any effort at compliance with the federal constitution's takings clause, nor deny that the demanded tender of the original instrument evidencing ownership would, if completed, constitute a taking as contemplated by the federal constitution's takings clause.** <u>Plaintiff's complaint alleges An attempted taking of a property right invoking the federal constitution's takings clause</u>, <u>placing a CASE involving a federal constitutional question before the court</u>.

**C.** Defendants motion and objection, and the testimony of the government's witness Jones, does not assert or allege that the Department of

Transportation via its fiduciary, Secretary Mineta, acting by agency, complied with all constitutionally mandated statutory and regulatory due process rights in the actions taken against TimeShare Toys property and contract interests. **The ONLY EVIDENCE as to Defendants' acts invoking the property and due process clauses of the federal constitution are the verifications of facts in Plaintiff's complaint, <u>inclusive of</u> the verified copy of <u>the administrative record</u>.  <u>Plaintiff's complaint alleges a taking of property right(s), impairment of the obligations of contracts, and due process claims invoking the federal constitution, placing a CASE involving a federal constitutional question before the court</u>.**

OFFICIAL NOTICE:

The <u>UNCONTROVERTED</u> evidence (two witness' verification of the facts asserted in the complaint and the administrative record) shows that:

1.  TimeShare Toys acquired a private property interest in a 1960 Cessna, Serial #47688 (the Cessna).

2.  TimeShare Toys is not a federal "person."

As to the times and places in question:

3.  The Cessna is not a "civil aircraft" of the United States.

4.  The Cessna has not engaged in "international commerce."

5.  The Cessna has not engaged in "interstate commerce."

6.  The Cessna has not transported United States Mail.

7.  The Cessna has not operated within a "federal airway."

8.  The Cessna has not directly affected "interstate air commerce" or "foreign air commerce."

9.  The Cessna has not endangered "interstate air commerce" or "foreign air commerce."

10. The FAA appears to have declined to register the Cessna as a <u>federal</u> "civil aircraft" based upon the statutes and regulations, as required by the federal constitution's not delegating, and thus expressly prohibiting, it from jurisdiction over private property within the several states.

11. Secretary of Transportation Norman Minetta's Special Agent Daniel Austin has taken TimeShare Toys property interest in its airplane without

constitutional, statutory, and regulatory due process of law and without just compensation by overt armed acts against TimeShare Toys officers and contractors and threats of further overt armed acts against TimeShare Toys' officers and contractors.

12. TimeShare Toys property interest remains seized, and uncompensated for, on an ongoing basis as Secretary Minetta has not disavowed the actions of his Special Agent Daniel Austin; and has not taken any steps to cure, or mitigate, the actions taken in his name by his Special Agent Daniel Austin.

13. Secretary Minetta has ratified and condoned the unconstitutional taking by failure to take curative action (prevent or correct) taken in his name by Special Agent Daniel Austin.

14. The contracts relating to TimeShare Toys property interest in the Cessna remain impaired.

15. TimeShare Toys has an enforceable interest in contracts that it is a party to.

**There appears no substantial controversy over the facts. <u>It appears the parties agree and the court may accept the facts as true and uncontroverted</u>.**

It appears unlikely that a trial to resolve disputed facts may be unnecessary, subject to completion of the discovery process, and the probable admissions and deposition testimony of the Defendants.

Since TimeShare Toys invested over $25,000.00 in the Cessna, which market value of flyable time is approximately $70.00 per hour, and has lost in excess of one year of potential flying time (to date) a value of over $613,000.00, and increasing at a rate of $1,680.00 per day, Article VII in Amendment to the federal constitution may require that a jury determine the amount of damages.

IS THERE A "CASE" BEFORE THE COURT FOR WHICH A REMEDY MAY BE REQUIRED.

**The court has jurisdiction over "cases" and "controversies" arising under the federal constitution and laws.**

Plaintiff claims that the case(s) before the court is for declaratory determination of the law applicable to the facts, determining 1) the rights and duties of the parties; 2) whether any rights and/or duties have been breached; and 3) if the law provides for a substantive remedy for any rights unlawfully taken and/or any duties failed to be

performed.

Plaintiff claims that there is a CASE before the court, based upon the need for a declaratory determination of rights and duties of the parties, is a determination of curative orders, injunctions, and other equitable remedies.

Plaintiff claims that there is a case before the court, subject to declaratory determination of the rights and duties of the parties, for a determination of compensatory and remedial damages.

## PLAINTIFF'S STANDING

Defendants assert that Plaintiff does not have standing before the court.  **FRCP 17(a) expressly provides that a trustee of an express trust, such as TimeShare Toys, has standing to bring an action in his own name on behalf of the trust organization:**

OFFICIAL NOTICE:

(a) REAL PARTY IN INTEREST. Every action shall be prosecuted in the name of the real party in interest. **An** executor, administrator, guardian, bailee, **trustee of an express trust**, a party with whom or in whose name a contract has been made for the benefit of another, or a party authorized by statute **may sue in that person's own name without joining the party for whose benefit the action is brought;** and when a statute of the United States so provides, an action for the use or benefit of another shall be brought in the

name of the United States. No action shall be
dismissed on the ground that it is not prosecuted
in the name of the real party in interest until a
reasonable time has been allowed after objection
for ratification of commencement of the action
by, or joinder or substitution of, the real party
in interest; and such ratification, joinder, or
substitution shall have the same effect as if the
action had been commenced in the name of the real
party in interest.

**Plaintiff, as a trustee of an express trust, has
standing to bring an action in his own name for the
benefit of the trust organization.**

The only question remaining is whether TimeShare
Toys has, as the Defendants so eloquently quote the
courts, have: suffered (1) an "injury in fact"
(*alleged taking of property interest without due
process and/or compensation*) that is (a) concrete
and particularized (*alleged loss of use, contracts
impaired, loss of specific officer and contractor
services as a result of a breach of contracted duty
by official*) (b) actual and imminent, not
conjectural or hypothetical (*alleged each day that
passes results in lost opportunities, use,
services, and benefits of property ownership, past
conduct and ongoing threats make ongoing and future
fear of armed attack if property ownership rights
are exercised real and not imagined*) (2) which "are
fairly" traceable to the challenged conduct
(*alleged that one trustee and contractor continues*

*to have his liberties impaired as a result of prior acts and other contractors and trustees refuse to exercise rights and duties as a direct result of the prior acts and overt threats of future acts by Agent Austin which are not recalled by Defendants)* and (3) "likely" to be "redressed in a favorable decision" *(the administrative record shows no assertion of any legal controversy as to Plaintiff's presentment of both clearly established law relating to rights and duties, and other law providing for redress)*.

**SPECIAL NOTE**: A portion of Plaintiff's claim is based upon enforcement of a due process procedural right.  The law is clearly established that a suit for enforcement of a procedural right, and inclusive of those Administrative Procedures Act procedural rights, does not require a "favorable outcome" element:

OFFICIAL NOTICE:

> In an action setting forth claims under 42 U.S.C. section 1983 and the Administrative Procedure Act (APA), plaintiff had standing to bring suit since he sought to enforce a procedural right and was not required to prove that the procedural remedy would lead to a favorable outcome.  *Settles v. US Parole Comm'n* (11/08/05 – D.C. Cir. No. 03-5368)

PLAINTIFF'S CLAIM(S)

Defendants assert (correctly) that Plaintiff may

not seek damages for wrongs or injuries individual to other officers, inclusive of the Executive Trustee. **Plaintiffs' complaint does not seek damages for the arrest of the Executive Trustee. The only claims by Plaintiff are for declaratory relief and damages relating to impairment of TimeShare Toys contractual rights that are impaired by Defendants prior and ongoing acts injuring TimeShare Toys relating to duties and obligations of the Executive trustee, other trustees, and contractors. If the Executive Trustee wishes to seek redress of any injury to the Executive Trustee, he will have to seek any such redress independently of this action.**

Defendants assert that Plaintiff is not seeking damages or redress personal to Plaintiff, instead referencing only damages to a fellow trustee. **Defendants' counsel again appears to be incapable of competently reading Plaintiff's complaint, or is intentionally attempting to mislead the court. <u>Plaintiff's complaint seeks to redress wrongs and damages against TimeShare Toys as the real party in interest via the recognition of the trustee's authority to bring an action in his own name for the benefit of the express trust as previously established in both the complaint and hereinabove</u>**

**as provided at FRCP 17(a).**

Defendants discuss theories relating to claims for damages. **It is premature to address questions of amounts of damages until after the court has ruled on the outstanding questions of law. After the court determines the rights and duties of the Defendants, then and only then would the court be in a position to determine what party(s), if any, are liable for what damages.**

Defendants discuss the relationship between Special Agent Austin and the Secretary. **It is a well-settled matter of law that an agent has no authority to act independently and may only act in the name of the Principal. Either the acts of Special Agent Daniel Austin are the acts of the principal, or they are independent acts outside the scope of the principal-agent relationship. If the court determines during the declaratory phase of the judicial process that Daniel Austin was not acting within the scope of his principal-agent relationship with the Secretary, he may be individually liable in his private capacity for damages; the court may then be required to determine and declare whether or not the Secretary knew or should have known that Daniel Austin was**

improperly using the Secretary's name and office, and whether the Secretary had a duty to prevent or correct the unlawful acts of Daniel Austin as such acts relate to TimeShare Toys.  It is very simple for the Secretary to separate himself from acts of Daniel Austin that are outside the scope of the principal agent relationship between them by providing testimony to that effect to this court's record.  Absent such express disavowal, the acts of an agent must be deemed the acts of the principal in whose name and office the acts are done.

If the Secretary disavows the acts of Daniel Austin, and takes steps to mitigate (prevent or correct outstanding wrongs) the damages resulting from Daniel Austin's' conduct, that would provide good faith evidence that the Secretary did not intend the acts of Daniel Austin to be done in his name as his acts.  CONVERSELY, as long as the Secretary does not take action to mitigate (prevent or correct ongoing wrongs) it evidences the INTENT of the Secretary to affirm the acts of Special Agent Daniel Austin as the Secretary's acts.

OFFICIAL NOTICE:

AmJur 3: Agency
§ 1. Generally; definitions

The term "agency" means a fiduciary relationship by which a party confides to another the management of some business to be transacted <u>in the former's name</u> or on his account, and by which such other assumes to do the business and render an account of it.' It has also been defined as the fiduciary relationship which results from the manifestation of <u>consent by one person to another that the other shall act on his behalf and subject to his control</u>, and consent by the other so to act.[2]

§ 2. Nature of relationship.

The fundamental idea of agency has its conception in something lawful that a person may do and a delegation by such person to another of the power lawfully to do that thing.[9] It is, accordingly, a consequence of the relationship that whatever an agent does in the lawful prosecution of the transaction entrusted to him is the act of the principal,[10] and it is a fundamental maxim of agency that "qui facit per alium facit per se," that is to say, he who acts through another acts by or for himself.[11] As a result, one of the prime elements of an agency relationship is the existence of some degree of control by the principal over the conduct and activities of the agent.[12]

§ 180. Generally

As applied to the law of agency, ratification is the adoption or affirmance by person of a prior act which did not bind him, but which was done or professed to be done on his account, thus giving effect to the act, as to some or all persons, as if originally authorized.[77]

Ratification may be made as to either the act of an agent in excess of his authority or the act of one who purports to be an agent but is really not.[78] Ratification differs from estoppel mainly in that the former rests on intention, express or implied,[79] regardless of prejudice to another, whereas estoppel rests on prejudice rather than intention.[80] Nevertheless, it has been stated that even though the two may be distinguished, the concept of ratification is closely related to the doctrine of estoppel.[81]

**Plaintiff     asserts     that     a     principal-agent relationship is different than an employer-employee relationship for which Defendants cite MONELL and its prodigy.**

## THE PRELIMINARY INJUNCTION

Defendants  rightfully  assert  that  a  preliminary injunction is only proper "to compel agency action unlawfully  withheld  or  unreasonably  delayed." **Plaintiff's position is that Defendants either 1) UNLAWFULLY WITHHELD (or unreasonably delayed) the registration of the Cessna; OR, 2) UNLAWFULLY WITHHELD     (or     unreasonably     delayed)     an administrative judgment determination that the Cessna did not qualify as a "civil aircraft" and as such was not subject to the Secretary's federal commerce clause jurisdiction; or 3) UNLAWFULLY WITHHELD control of an agent (Austin), who, in violation  of  constitutional,  statutory,  and regulatory due process of law, took TimeShare Toys' property, impaired the obligations of contracts to which TimeShare Toys is a party and has an interest, resulting in damages and/or injuries to TimeShare Toys, ongoing to this day.**

**Either way, the Defendants failure to act as required by law has resulted in a taking of**

TimeShare Toys property without compensation, and impairment of its contracts, in violation of the constitutional due process principals established by the Administrative Procedures Act and the specific administrative procedures enacted by congress for administration of the Secretary's commerce clause duties.

Either way, the court has an extraordinary duty to issue, or compel the issuance of, such instruments as are necessary to prevent further taking of TimeShare Toys' property interests in the Cessna; and correct the ongoing taking of TimeShare Toys' property interest in the Cessna in the absence of constitutionally mandated due process of law and compensation.

A preliminary injunction will also maintain the status quo, and prevent further possible injury or damage, should the court determine that it is appropriate to remand the action for a formal administrative hearing as to the constitutional and statutory questions raised in the administrative record.

**WHEREFORE**

Plaintiff requests and demands the court perform its constitutional duty to guarantee that Plaintiff

"has his day in court" by denying Defendant's motion to dismiss based upon the facts appearing of record and law presented above, and such other law as guarantees Plaintiff due process of law.

Respectfully presented this 15th day of February 2006.

Percy Newby, TRUSTEE
Plaintiff

---

**SERVICE CERTIFICATE**

Declarant states that Declarant is competent to be a witness and that Declarant placed a copy of the instrument to which this certificate is affixed in the United States mail, First Class Postage prepaid addressed to each party and/or party's counsel as provided by law.

Signature _Jeanne Stockey_

Name _Jeanne Stockinger_

Date Executed _2-16-06_

---

PIERCE COUNTY, WA
**9809100260**
9-10-1998 10:01 am
Fee Amt: $10.00

For reference only, not for re-sale.

When Recorded return to:
The Advocate & Associates
7406 27TH ST. W. #-17, Tacoma, Wash. (98466)

Notice of Execution by and between THE FREEDOM TRUST COMPANY
Principal/Grantor and THE AMERICA TRUST COMPANY Creator/Grantee of:

# CONTRACT OF INDENTURE
## and
## DECLARATION
### of an
## UN-INCORPORATED FEDERAL BUSINESS ORGANIZATION IN THE FORM OF AN EXPRESS IRREVOCABLE PURE BUSINESS TRUST

**This Declaration of an Irrevocable Pure Business Trust Organization
Authorizes Its Trustees to Operate under the Name of**

# Timeshare Toys

Dated this 29 day of December, 1997

**Attachment " A "**

**9809100260**

## NOTICE OF EXECUTION OF: CONTRACT AND DECLARATION OF AN IRREVOCABLE PURE BUSINESS TRUST

KNOW TO ALL PARTIES BY THESE PRESENTS:

That the undersigned "CREATOR" and "PRINCIPAL" did execute on this the 29 day of the 12 month of 1997 a Contract and Declaration of an Irrevocable Pure Business Trust Organization.

**1. NAME AND DOMICILE:** The Business Trust organization and other things of value to constitute a Business Trust Organization shall have its principle domicile in Pierce county, The State of Washington, or elsewhere as designated by the Trustees, and shall be known as:

## Timeshare Toys

**2. INDENTURED PURPOSE:** The purpose of the indenture is that assets conveyed to the board of Trustees to constitute the corpus of an Irrevocable Pure Business Trust Organization and further that these assets are held in fee simple by the Business Trust Organization in trust for a period not to exceed 20 years from the date of any resolution for extension and to provide for the sane, common, logical and economical administration thereof by natural and/or artificial persons acting in a fiduciary capacity.

**3. FIRST APPOINTMENT and ACCEPTANCE:** Immediately upon completion said Contract and Declaration of this Irrevocable Pure Business Trust Organization, the Creator did constitute and appoint the undersigned Trustee, a qualified entity as first trustee of this Irrevocable Pure Business Trust Organization, having an absolutely free choice and while being without obligation to the undersigned Trustee. The Undersigned Trustee did accept the position. The Undersigned Trustee and/successors to be named shall serve as Trustee of this Irrevocable Pure Business Trust Organization without bonds of any kind being required. The Undersigned Trustee shall look only to the terms and obligations of the Contract and Declaration of this Irrevocable Pure Business trust for authority to act referred to by this "Notice of Execution of: Contract of Indenture and Declaration of an Un-Incorporated Federal Business Organization in the Form of an Express Irrevocable Pure Business Trust.

**4. POWERS OF THE BOARD OF TRUSTESS:** The board of trustees shall have all power necessary to fulfill the purpose of this Irrevocable Pure Business Trust Organization. The Powers of the Board of Trustees of this Irrevocable Pure Business Trust Organization shall be construed as general powers of Citizens of these, The united States of America to do anything an citizen may do in any state or country. The Powers of the Board of Trustees shall include, but are not limited to: To open and maintain one or more checking, savings or other thrift accounts in the name of the Business Trust Organization in any Financial Institution; continue in business, conserve the property of the Organization, commercialize the resources and extend an established line of business in industry or investment as herein specifically noted. at the discretion of the Board of Trustees for the benefit of this Organization such as: buy, sell or lease land or surface mineral rights, buy or sell mortgages, securities, bonds, notes, commodities, trade credits, leases of all kinds, contracts or credits of any form, patent, trademarks or copyrights; buy, sell or conduct mail-order business, or branches thereof; operate stores, shops, factories, warehouse, or other trading establishments or places of business of any kind, allocate funds derived from any source for charity, religion, education, research, accumulation, or other purpose, whether for immediate or future application, to be managed by specified Trustees, or buy, sell, lease, or rent any type of real estate, improved or unimproved; advertise different articles or business projects; borrow money for any project, pledging the Trust property for the payment thereof; hypothecate assets, property, or both; own stock in, or entire charters of corporations, or other properties, companies or associations as the Board of Trustees may deem advantageous". The Trustee(s) may appoint or elect form their number, one or more Executive Trustees, who shall be given such power and authority as the minutes of the Business Trust Organization may delegate and describe and who may have the authority to operate the trust business and to sign any and all documents necessary to carry out the terms thereof. The Trustee(s) may not hold title to any trust property in their own name. Title to all trust property shall be held in the name of the Board of Trustees.

**5. LIMITATION OF LIABILTY:** The Board of Trustee(s) shall, in the capacity of Trustee(s) and not individually, assume only such liability as may attach to This Business Trust Organization's property assets. This Trustee liability shall not, in any manner, jeopardize their individual or personal holdings, and for any losses they should suffer for any reason through services, they shall be reimbursed from the Business Trust Property to the same extent as would non-interested parties. NOTICE is hereby given to all parties, companies or corporations extending credit to, contracting with, or having claims against this Irrevocable Pure Business Trust Organization or the Trustee(s) thereof, that they must look only to the funds and property of the Business Trust Organization for payment or settlement of any debts, torts, damage, order, judgment or decree,

**9809100260**

For reference only, not for re-sale.

or for any indebtedness which may become payable hereunder; that the Trustee(s), officers or agents are mere Independent Contractors and not personally liable when dealing with The Business Trust Organization properties or Matters.

**6. STOCK CERTIFICATE HOLDER:** For convenience, the Business Trust Stock Certificate used for distribution shall be divided into One Hundred Unites. They shall be non-assessable, non-negotiable and the lawful named owner/possessor thereof shall be construed the true and lawful owner thereof. The Stock Certificate Holders will hold the unites as tenants in common. In the event of the death of any holder thereof, said shareholder's Stock Certificate will become null and void. NO **CERTIFICATE HOLDER** shall be entitled to any distribution, as a matter of right, from the proceeds or corpus. A Trust Stock Certificate Holder/Owner shall not be entitled to any undivided interest therein. nor to any legal title to or in any Trust Property. A Trust Stock Certificate Holder/Owner shall have no voice in the management of the Irrevocable Pure Business Trust Organization. A Trust Stock Certificate Holder/Owner, heirs, nor the legal representative thereof, shall not be entitled to any special accounting, nor to make any demand against any property of the Irrevocable Pure Business Trust Organization. Bankruptcy, insolvency, transfer or death of any Certificate Holder/Owner shall not effect the Irrevocable Pure Business Trust Organization or its operation or its mode of business.

The Undersigned Creator and Principal have hereunto set their hands and seal in token in consideration of $21.00 and 100 certificate units of trust, and declared their execution of a **"Contract of Indenture and Declaration of an Un-Incorperated Federal Business Organization in the Form of an Express Irrevocable Pure Business Trust"**.

Signed under seal in the presence of this 29 day of the 12 month of 1997:

The American Trust Company
**CREATOR**
By: Success Unlimited, Executive Trustee of Creator

_Mike Vines_
By Mike Vines, Executive Trustee for Success Unlimited

The Freedom Trust Company
**PRINCIPAL**

By: Linda L. Stephenson                            Mng Dir

Pierce county

The State of Washington

The united States of America AD 1791                          } SS.

Then personally appeared Mike Vines for the CREATOR and Linda L. Stephenson for the PRINCIPAL, known to me to be the persons described in and who executed the foregoing document, e.i.s. fully JORDAN, for the uses, purposes, consideration, and in the capacities therein stated:

_C. L. J._                **NOTARY PUBLIC**
Notary Public             **STATE OF WASHINGTON**
                          **COMMISSION EXPIRES**
                          **DECEMBER 29, 2001**

**NOTICE IS HEREBY SERVED** that as of this date, the undersigned has accepted appoint as Chairman of the Board of Trustees of this Irrevocable Pure Business Trust Organization.

Signed under seal in the presence of this 29 day of the 12 month of 1997:

The Advocate & Associates
Chairman of the Board of Trustees

By: David Carroll Stephenson               Mng Dir

Pierce county

The State of Washington                                   } SS.,

The united States of America AD 1791

Then personally appeared David Carroll, Stephenson for the CHAIRMAN OF THE BOARD OF TRUSTEES, known to me to be the person described in and who executed the foregoing document as a free act and deed, for the uses, purposes, consideration, and in the capacities therein stated.

_C. Jor_                  **C. L. JORDAN**
Notary Public             **NOTARY PUBLIC**
                          **STATE OF WASHINGTON**
                          **COMMISSION EXPIRES**
                          **DECEMBER 29, 2001**

9809100260

## ACKNOWLEDGMENT OF SPECIAL EXECUTIVE TRUSTEE

The present Executive Trustee,

### Kenneth Wayne

of:

### TimeShare Toys

a Business Trust, pursuant to the act of the Board of Trustees, hereby designate,

### Percy Newby

an adult citizen/legal entity, **Special Executive Trustee** hereof to serve at the pleasure of the Executive Trustee. This designation may be changed by the Executive Trustee at any time prior to actual acceptance and service of the named **Special Executive Trustee** as an **Special Executive Trustee**, but not thereafter. This designation shall continue until such time as the Executive Trustee or the Board of Trustees orders otherwise.

Signed under seal this 4th day of March, 2005 ,

_____
**Executive Trustee**

Washington state
                                    } ,SS.
Pierce county
There personally appeared

**Kenneth Wayne**
_____
the above named Executive Trustee who acknowledged the foregoing document as a free act and deed.  WHEREFORE I set my hand and seal:

_____
Notary Public
Commission Expires  07-02-08


Signed under seal this 4th day of March, 2005 ,

_____
**Special Executive Trustee**

Washington state
                                    } ,SS.
Pierce county
There personally appeared

**Percy Newby**
_____
the above named Interim Managing Director who acknowledged the foregoing document as a free act and deed.  WHEREFORE I set my hand and seal:

_____
Notary Public
Commission Expires  07-02-08

Page 1 of 1
M3-3A

Rev 08/03

**Attachment " B "**