UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PERCY NEWBY, )<br>PMB #308 )<br>c/o 17719 Pacific Ave. S. )<br>Spanaway, WA 98387 )<br>        )<br>     Plaintiff, )<br>        )<br>v. )<br>        )<br>NORMAN MINETA, SECRETARY, )<br>U.S. DEPARTMENT OF )<br>TRANSPORTATION, )<br>        )<br>     Defendant. )<br>_____) | Civil No.: 05-1800 RMC<br>ECF |

**REPLY IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS
AND OPPOSITION TO PLAINTIFF'S PRELIMINARY INJUNCTION**

**I.     Introduction**

In response to Defendant's Motion to Dismiss and Opposition to Plaintiff's Preliminary Injunction Motion (Dkt. Nos. 13-14), *pro se* Plaintiff Percy Newby filed a convoluted, 31-page "Objections." Dkt No. 17.[1] Mr. Newby's Objections appear to clarify his Complaint. It now seems that he is seeking judicial review of the Federal Aviation Administration's ("FAA") failure to provide him with an aircraft registration for the Cessna. Furthermore, it also appears that he is seeking compensation for the alleged takings of TimesShare Toy's airplane (the Cessna).

As shown below, the Court lacks subject matter over these claims. First, Mr. Newby has

---

[1]     The full title of Mr. Newby's opposition is " Plaintiff's Objections(s) to Defendants['] Motion for Dismissal, Etc." For consistency purposes, Defendants will refer to Mr. Newby's opposition brief as "Plaintiff's Objections."

not exhausted administrative remedies with regard to his complaint about the FAA's failure to issue an aircraft registration. Second, under the Tucker Act, the Court of Federal Claims has exclusive jurisdiction over takings claims that exceed $10,000. Therefore, the Court should simply dismiss this case for lack of subject matter jurisdiction.

## II. Argument

Mr. Newby's Objections set forth two objections to Defendants' Motion to Dismiss. Each is discussed below.

### A. First Objection.

Mr. Newby's first objection seems to argue that the Court should deny Defendant's Motion to Dismiss unless the undersigned can produce evidence showing that the U.S. Attorney's Office has the authority to represent Secretary Norman Mineta in his individual capacity. See Pl. Obj. at 2-3.[2]

On December 29, 2005, the undersigned moved for an extension of time to respond to Mr. Newby's Complaint explaining that the Office of the U.S. Attorney for the District of Columbia ("Office") could not fully respond to Mr. Newby's Complaint because it did not have the authority to represent Secretary Mineta in his individual capacity. See Dkt. No. 8. The undersigned also explained that the Office was waiting for the representation authority from the Department of Justice. Id. Subsequently, on January 6, 2006, the Department of Justice issued a letter authorizing this Office to represent Secretary Mineta in this case. See Reply Gov. Exh. 1. Given this letter, Mr. Newby's concern regarding the representation authority issue is fully

---

[2] Defendants' construe Mr. Newby's Complaint as brining a Bivens claim against Secretary Mineta. See Defendants' Motion to Dismiss at p. 7-9 (Dkt No. 13).

addressed.

    **B.    Second Objection.**

Mr. Newby's second objection seems to raise two issues. First, it appears that Mr. Newby, acting as an executive trustee of the trust ( TimeShare Toys) that owns a Cessna (N9888T), is seeking judicial review under the Administrative Procedure Act ("APA") of the FAA's failure to issue an aircraft registration to TimeShare Toys. Pl. Obj. at 4-6.[3] To the extent that Mr. Newby is invoking the APA to review the FAA's decision not to issue an aircraft registration for the Cessna, there is no final agency decision for this Court to review. Furthermore, to the extent that Mr. Newby has a complaint against the FAA, Mr. Newby failed to exhaust administrative remedies. Finally, any appeal of the FAA's decision properly lies with the Court of Appeals, not this Court. Therefore, the Court lacks subject matter jurisdiction over his claim.

Second, throughout Mr. Newby's Objections to Defendants' Motion to Dismiss, Mr. Newby seems to argue that Defendants effectuated a "takings" by impairing TimShare Toys' interest in the Cessna. See Pl. Obj. *passim*. To the extent that Mr. Newby alleges a "takings" claim, under the Tucker Act, jurisdiction over this claim lies exclusively with the Court of Federal Claims, not this Court. Again, this Court lacks jurisdiction over Mr. Newby's "takings" claim. Each of these issues is discussed below.

    **(1)    Mr. Newby Failed to Exhaust Administrative Remedies**.

It appears that Mr. Newby is seeking judicial review of the FAA's refusal to issue an

---

[3] The Complaint indicates that it is a "Complaint for Judicial Review of Common Law/Administrative Record." Compl. at p.1 (cover page and caption).

aircraft registration for the Cessna.  Pl. Obj. at 5-6.  However, there has not been a final agency decision regarding the aircraft registration.  Furthermore, Mr. Newby has an administrative remedy available to him that he has not exhausted.  See 49 U.S.C. § 46101(a).  The Court, therefore, lacks subject matter jurisdiction over Mr. Newby's APA claims.

Pursuant to 49 U.S.C. §§ 44101 *et seq*., Congress vested with the FAA the authority to administer the registration of aircraft including the recordation of conveyances, leases, and security instrument.  Pursuant to 49 U.S.C. § 44107, the FAA has adopted regulations governing the registration and recordation of conveyances, leases and security instruments relating to United States civil aircraft.  See 14 C.F.R. Parts 47 and 49.  More particularly, when dealing with a trust owning an aircraft, 14 C.F.R. 11(h) requires that the trustee submit a copy of the trust instrument creating the trust.  See Jone Decl. at ¶ 5.  Furthermore, 14 C.F.R. § 49.17 requires the owner to  provide the FAA with the proper bill of sale documenting the conveyance of the aircraft.

As explained in the Jones Declaration,  at ¶¶ 9 and 10, the FAA sent a letter to Mr. Kenneth Wayne, one of the trustees of TimeShare Toys, asking him, *inter alia*, to submit a copy of the trust instrument "along with an affidavit certifying the U.S. citizenship of beneficiaries and other persons with security interest in the trust."  Id. (Gov. Exh. E).  The letter indicates that, "Before the aircraft may be registered and a certificate issued . . ." these requested documents are required.  See Gov. Exh. E.  To date, the FAA has not received the requested instruments and, therefore, has not issued an aircraft registration for the Cessna.  Jones Decl. at ¶ 10.

Under these facts, the FAA's letter seeking additional document so that it could register the aircraft is not a final agency decision.  Although an agency action is broadly defined, it is not

intended to cover preliminary letters by agency officials that do not involve a definite legal position having immediate impact.  See Aeorsource, Inc. v. Slater, 142 F.3d 572, 579 (3d Cir. 1998).  In any event, the lack of any final agency action should bar any action at this point for judicial review, especially since Mr. Newby has an administrative remedy available to him.

Pursuant to 49 U.S.C. § 46101(a), a person may file a complaint with the Administrator of the FAA "with respect to aviation safety duties and powers designated to be carried out by the Administrator . . . about . . . a requirement prescribed under this part."  This statutorily created administrative remedy in 49 U.S.C. § 46101 is a subsection within 49 U.S.C. 40101 *et seq*. Therefore, any complaint that the FAA has violated any regulations should be raised by an administrative complaint under 49 U.S.C. § 46101.  See Town of Fairview v. Dep't of Transp., 201 F. Supp.2d 64, 70-71 (D.D.C. 2002).  More importantly, to the extent that Mr. Newby seeks to appeal any decision by the FAA, jurisdiction lies with the Courts of Appeals, not this Court. See 49 U.S.C. § 46110(a).

Here, there is no evidence that Mr. Newby has exhausted administrative remedies by filing a complaint with the Administrator for the FAA's failure to issue an aircraft registration for the Cessna.  Furthermore, it is improper for Mr. Newby to seek judicial review in this Court under the general provisions of the APA where a specific statutory right of review exist in the courts of appeals.  See Telecommunications Research and Action Ctr. v. FCC, 750 F.2d 70, 77 (D.C.Cir.1984) ("a statute which vests jurisdiction in a particular court cuts off original jurisdiction in other courts in all cases covered by that statute");  see also Town of Fairview, 201 F. Supp. 2d at 71 (noting that jurisdiction over any appeal of the FAA's decision is "vested solely in the courts of appeals."). Accordingly, the Court should dismiss Mr. Newby's APA

claim – to the extent that he properly raised one – for lack of subject matter jurisdiction.

### (2) Under the Tucker Act, the Federal Claims Court Has Exclusive Jurisdiction Over Mr. Newby's Takings Claim, not This Court.

Throughout Mr. Newby's Objection to Defendant's Motion to Dismiss, Mr. Newby seems to argue that Defendant effectuated a "taking" of TimeShare Toys' property (i.e., the Cessna). See Pl. Obj. *passim*. For example, Mr. Newby states that, "Plaintiff's complaint alleges a taking of property right(s), impairment of the obligations of contracts, and due process claims invoking the federal constitution." Pl. Obj. at p. 14.[4] Mr. Newby then claims that TimeShare Toys, which owns the Cessna, has suffered over $613,000 in damages. Pl. Obj. at p. 17.[5]

"The Fifth Amendment guarantees that when the government takes private property, it will provide just compensation." Ry. Labor Executive's Ass'n v. United States, 987 F.2d 806, 815 (D.C. Cir. 1993). Under the Tucker Act, 28 U.S.C. § 1491(a), the United States Court of Federal Claims has original jurisdiction over suits seeking compensation from the federal government under the Constitution. Id. at 815-16. The controversy, however, must be more than $10,000. Id. (citing 28 U.S.C. § 1346(a)(2)). "The Federal Claims Court's jurisdiction in

---

[4] Mr. Newby now clarifies that he is not seeking "damages for the arrest of the Executive Trustee." Pl. Obj. at p. 27. He further clarifies that the Complaint is only seeking "declaratory relief and damages relating to impairment of TimeShare Toys contractual rights that are impaired by Defendants." Id. It appears that the "impairment of TimeShare Toys's contractual right" is another characterization of the takings claim.

[5] Mr. Newby's Complaint seeks "forty thousand (40,000) ounces of .999 fine silver (or its commercial equivalent) for the taking of TimeShare Toys property interest in the CESSNA without compensation." Compl. at ¶ f. (p. 13).

such actions is exclusive." Id.; see also Adams v. Hinchman, 154 F.3d 320, 425 (D.C. Cir. 1998) (noting that the D.C. Circuit does not have jurisdiction over takings claims because "the usual remedy for unconstitutional takings is a 'suit for money damage (i.e., the 'just compensation that the Constitution assures) under the Tucker Act in the Court of Federal Claims.'").

In this case, to the extent that Mr. Newby is raising a takings claim, he brought this action in the wrong court. He should have filed his takings claim in the Federal Claims Court, not in this Court. Also, there is no doubt that Mr. Newby's Complaint meets the statutorily minimum of $10, 000 to invoke the Tucker Act as he claims that TimeShare Toys suffered "over $6130,000" in damages. Pl. Obj. at p. 17; see also Compl. at ¶ (f) (p. 13) (seeking 40,000 ounces in fine silver as damages). Accordingly, under the law, the Court lacks subject matter jurisdiction over Mr. Newby's takings claim and should dismiss it.

    C.    **Mr. Newby's Motion for a Preliminary Injunction**.

In response to Defendant's Opposition to his Motion for a Preliminary Injunction ("PI Motion"), Mr. Newby claims that Defendants' failure to issue the aircraft registration resulted in the takings of TimeShare Toys property without compensation. Pl. Obj. at 25-26. This is the same takings claim discussed above.

In any event, as discussed in greater detail in Defendants' Opposition to the PI Motion (Dkt. No. 14), the reason the FAA has not issued the aircraft registration is because TimeShare Toys has not provided the FAA with additional documents for it to process the registration. Id. at p. 9-10. Accordingly, the delay (if any) in the issuance of the aircraft registration is TimeShare Toys' fault, not that of the FAA. Therefore, the Court should deny Mr. Newby's PI Motion for failure to show that he would likely succeed on the merits.

**III.     Conclusion**

For the foregoing reasons and those stated in Defendants' Motion to Dismiss and Opposition to Plaintiff's Preliminary Injunction Motion, the Court should dismiss this.

Dated: March 8, 2006.                    Respectfully Submitted,

/s/
KENNETH L. WAINSTEIN, D.C. BAR #451058
United States Attorney


/s/
R. CRAIG LAWRENCE, D.C. BAR #171538
Assistant United States Attorney


/s/
JOHN C. TRUONG, D.C. BAR #465901
Assistant United States Attorney
555 Fourth Street, N.W.
Washington, D.C.  20530
(202) 307-0406

Attorneys for Defendant