*PLAINTIFF:*
Percy Newby, TRUSTEE
PMB #308
C/o 17719 Pacific Ave. S.
Spanaway
Washington

District Court of the United States
For the District of Columbia

| | |
|---|---|
| **Percy Newby,** TRUSTEE<br>    PLAINTIFF<br><br>VS.<br><br>**DEPARTMENT OF<br>TRANSPORTATION;** et al.<br>    DEFENDANTS | No.<br><br>**05-CV-01800 RMC**<br><br>PLAINTIFF'S COMMENTS AS<br>TO DEFENDANTS "REPLY IN<br>SUPPORT OF DEFENDANT'S<br>MOTION TO DISMISS …"<br><br><u>Service</u> |

**COMES NOW THE PLAINTIFF** to provide the court comment on Defendants' REPLY IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS …"

*Pierce county                       )*
                                     )       DECLARATION
*Washington state                    )*
*Declarant states that Declarant is competent to be a witness and that the facts alleged in the instrument to which this verification is affixed are true and correct to the best of Declarant's first hand knowledge and belief under penalty of perjury pursuant to the law of <u>The People of the State of Washington</u>.*

*[signature: P Newby]*

Percy Newby, Declarant

February 24, 2006
Date

**RECEIVED**
MAR 16 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Newby-Trustee v Mineta OPPOSE-DISMISSAL-MTN Reply COMMENTS.doc

FIRST:

Defendants' counsel appears to take the position that government may take substantial enforcement actions impairing contracts and taking property without first exhausting administrative remedies, but the people do not get equal protection of the law and must wait until the government eventually, someday, may issue some kind of final administrative order. Counsel seems to forget that government is the subject and servant of the people, not their master. GOVERNMENT is absolutely subject to the statutes, while the people have expressly reserved the right to petition for redress of grievances in the very instrument, CONSTITUTION, which delegated a limited amount of the people's individual powers to mutual officers called collectively, GOVERNMENT, with limited and only expressly delegated powers.

SECOND: The district court has jurisdiction of Plaintiff's declaratory federal (28 USC 1331) constitutional and statutory claims which must be settled before any claims for damages, or any other equitable remedies, are ripe for consideration, whether or not based upon an administrative procedures act based record.

THIRD: Pub. L. 101-650, title III, § 310(a), Dec. 1, 1990, 104 Stat. 5113 (28 USC 1367) recognizes the court's supplemental jurisdiction where the court has jurisdiction over any part of the underlying subject matter.

FOURTH: ASSUMING ARGUENDO that counsel were right about lack of some component of jurisdiction, the court would have a duty to transfer the case to a court of competent jurisdiction as provided at Pub. L. 97-164, title III, § 301(a), Apr. 2, 1982, 96 Stat. 55 (28 USC 1631).

Respectfully presented this 14th day of March 2006.

*[signature]*

Percy Newby, TRUSTEE
Plaintiff

---

### SERVICE CERTIFICATE

Declarant states that Declarant is competent to be a witness and that Declarant placed a copy of the instrument to which this certificate is affixed in the United States mail, First Class Postage prepaid addressed to each party and/or party's counsel as provided by law.

Signature  *Jeanne Stockinger*

Name  Jeanne Stockinger

Date Executed  3-13-06