UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **Percy Newby,** | ) |
| | ) |
|       **Plaintiff,** | ) |
| | ) |
|       v. | ) Civ. Action No. 05-1800 (RMC) |
| | ) |
| **Department of Transportation,** *et al.*, | ) |
| | ) |
|       **Defendants.** | ) |

## MEMORANDUM OPINION

Percy Newby has brought this lawsuit *pro se* against the Department of Transportation ("DOT") and Secretary Norman Mineta. Mr. Newby seeks review under the Administrative Procedure Act, 5 U.S.C. § 702, of a decision by the Federal Aviation Administration ("FAA") regarding the registering of an airplane and invokes the Constitution. He seeks, among other relief, monetary damages from Mr. Mineta "of not less than one-hundred-thousand [sic] (100,000) ounces of silver (or its commercial equivalent)," Compl. at 14.

DOT and Mr. Mineta have jointly moved to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) and (b)(6). Mr. Newby has moved for a preliminary injunction and for a determination of Defendants' motion to dismiss. Based upon the parties' submissions and the entire record, the Court will grant DOT and Mr. Mineta's motion to dismiss and will deny as moot Mr. Newby's motions for a preliminary injunction and for a ruling on the motion to dismiss.

### I. FACTUAL BACKGROUND

Mr. Newby claims to be acting "in his own name [and] as Special Executive

Trustee and on behalf of the Board of Trustees" of TimeShare Toys ("TimeShare"), which he states is the real party in interest. Compl. at 1. In August 2003, TimeShare "initiated common-law/administrative process [with the FAA] to provide notice of a change in ownership of a 1960 Cessna 172, Serial #47688 (CESSNA)." *Id*. at 3, ¶ 1. The FAA responded that it could not register or regulate a private airplane "unless the airplane's original proof of ownership of the CESSNA was given to the FAA, making the FAA the holder, or holder in due course . . . [t]he FAA further indicated that unless the new owner would certify 'under penalty of perjury' on a registration application that such new owner . . . was the United States or a corporation or other instrumentality of the United States, the FAA did not have authority to register or regulate the CESSNA." *Id*. ¶¶ 2-3. TimeShare "then registered its ownership interest through a private registry" and published its ownership "in the public record at Pierce [C]ounty, Washington." *Id*. ¶ 4.

In January 2005, Mr. Mineta "(acting by his Agent Daniel Austin) . . . arrested and charged one of [TimeShare's] trustees with a crime of failing to register the CESSNA with the FAA." *Id*. ¶ 5. In July 2005, Agent Austin contacted TimeShare's mechanic, David Nelson, and grounded the CESSNA. *Id*. ¶¶ 8-9.

## II. STANDARD OF REVIEW

Rule 12(b) motion to dismiss tests the legal sufficiency of a complaint. *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002). "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff[s] can prove no set of facts in support of [their] claim which would entitle [them] to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). On a motion to dismiss for lack of subject-matter jurisdiction pursuant to Rule 12(b)(1), the plaintiff bears the burden of establishing that the court has subject-matter

jurisdiction. *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999); *Rasul v. Bush*, 215 F. Supp. 2d 55, 61 (D.D.C. 2002) (citing *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 182-83 (1936)). The court may dismiss a complaint for lack of subject-matter jurisdiction only if "'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Empagran S.A. v. F. Hoffman-Laroche, Ltd.*, 315 F.3d 338, 343 (D.C. Cir. 2003) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). To determine whether it has jurisdiction over the claim, a court may consider materials outside the pleadings. *Herbert v. Nat'l Acad. of Scis.*, 974 F.2d 192, 197 (D.C. Cir. 1992).

### III.  ANALYSIS

#### A.  The APA Claim

Defendants assert that the Court lacks subject matter jurisdiction over Mr. Newby's APA claim for three reasons. First, there is no final agency action subject to judicial review. Second, Mr. Newby has not exhausted his administrative remedies. Third, any appeal from the FAA's final decision lies exclusively in the United States Court of Appeals. Reply in Support of Defendant's Motion to Dismiss and Opposition to Plaintiff's Preliminary Injunction ("Def's Reply") at 3. Indeed, an appeal from an FAA order is authorized to be brought in the "United States Court of Appeals for the District of Columbia Circuit or in the court of appeals of the United States for the circuit in which the person resides or has its principal place of business." 49 U.S.C.§ 46110(a); *see Town of Fairview v. U.S. Dep't of Transp.*, 201 F. Supp.2d 64, 69 -70 (D.D.C. 2002) (the court of appeals has "exclusive" jurisdiction to review FAA orders). The Court therefore grants defendants' motion to dismiss the APA claim for lack of subject matter jurisdiction.

#### B.  The Constitutional Claim

Defendants assert that the Court lacks subject matter jurisdiction over what they

reasonably determined from Mr. Newby's opposition to be a claim brought under the takings clause of the Fifth Amendment. Def's Reply at 6; *cf* Pl's Opp'n at 10-14 (clarifying claim). The takings clause prohibits the government from taking private property for public use without just compensation. Defendants contend correctly that the United States Court of Federal Claims has exclusive jurisdiction over this claim because it seeks damages from the United States in excess of $10,000. *Id*. at 6-7; Pl's Opp'n at 17 (estimating current damages of more than $613,000). *See Railway Labor Executives' Ass'n v. U.S.*, 987 F.2d 806, 816 (D.C. Cir. 1993) ("Except for cases in which the amount in controversy is less than $10,000, in which event jurisdiction is concurrent with the federal district courts, . . . the Federal Claims Court's jurisdiction in such actions is exclusive") (citing 28 U.S.C. § 1346 (a)(2)).

Accordingly, Defendants' motion to dismiss the constitutional claim for lack of subject matter jurisdiction is granted.

### C. The Claim Against Secretary Mineta

To the extent that the complaint seeks damages from Mr. Mineta in his personal capacity, it fails to state a claim upon which relief may be granted. A federal official may be held individually liable for constitutional violations, *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388 (1971), but only upon a showing that he was "personally involved in the illegal conduct" *Simpkins v. D.C. Government*, 108 F.3d 366, 369 (D.C. Cir. 1997). Mr. Newby blames Mr. Mineta for the alleged wrongful acts of a special agent of the FAA. Liability cannot be based on the principle, as pleaded here, of *respondeat superior*. *Cameron v. Thornburgh*, 983 F.2d 253, 258 (D.C. Cir. 1993) (applying *Monell v. Dep't. of Social Services of the City of New York*, 436 U.S. 658, 691 (1978) to suit against federal defendants). Accordingly, Defendants' motion to dismiss the claim against Mr. Mineta in his individual capacity is granted for failure to state a claim upon which relief may be granted.

## IV.  CONCLUSION

For the foregoing reasons, DOT and Secretary Mineta's motion to dismiss is granted.  Further, Mr. Newby's motion for preliminary injunction and motion for a determination of Defendants' motion to dismiss are denied as moot.  A separate Order accompanies this Memorandum Opinion.

                                                                /s/
                                        Rosemary M. Collyer
                                        United States District Judge

Date: July 18, 2006