# United States Court of Appeals
### FOR THE DISTRICT OF COLUMBIA CIRCUIT

No. 06-5245                                                        September Term, 2006

05cv01800



MANDATE

Pursuant to the provisions of Fed. R. App. Pro. 41(a)

ISSUED: 6/29/07

BY: [signature]

ATTACHED: ___ Amending Order
___ Opinion
___ Order on Costs

Filed On:

Percy Newby, Trustee,
    Appellant

v.

Department of Transportation and Mary E. Peters,
Official Bond of the Secretary of Transportation,
    Appellees

UNITED STATES COURT OF APPEALS
FOR DISTRICT OF COLUMBIA CIRCUIT

FILED    APR 2 5 2007

CLERK

FILED
JUL 3 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

BEFORE:    Rogers, Brown, and Kavanaugh, Circuit Judges

**ORDER**

Upon consideration of the order to show cause filed January 31, 2007, and the response thereto; and the motion for summary affirmance and the response thereto, it is

**ORDERED** that the order to show cause be discharged. It is

**FURTHER ORDERED** that the motion for summary affirmance be granted. The merits of the parties' positions are so clear as to warrant summary action. See Taxpayers Watchdog, Inc. v. Stanley, 819 F.2d 294, 297 (D.C. Cir. 1987) (per curiam).

The district court correctly dismissed appellant's Administrative Procedures Act claim – arising from appellee's purported refusal to register the Cessna – for lack of subject matter jurisdiction. The district court also correctly dismissed appellant's Fifth Amendment "takings clause" claim for lack of subject matter jurisdiction. United States District Courts do not have jurisdiction over takings claims for compensation in excess of $10,000. Under the Tucker Act, 28 U.S.C. § 1491(a), the United States Court of Federal Claims has exclusive original jurisdiction. See Railway Labor Executives' Ass'n v. U.S., 987 F.2d 806, 816 (D.C. Cir. 1993).

Finally, appellant failed to state a claim against the former Secretary of Transportation. Appellant made no allegations concerning the former Secretary's personal involvement in committing any constitutional torts. See Simpkins v. D.C. Government, 108 F.3d 366, 369 (D.C. Cir. 1997) (citation omitted). Liability under Bivens v. Six Unknown Names Agents of Federal Bureau of Narcotics, 403 U.S. 388

A True Copy:

United States Court of Appeals
for the District of Columbia Circuit

By: [signature]    Deputy Clerk

# United States Court of Appeals
### FOR THE DISTRICT OF COLUMBIA CIRCUIT

---

**No. 06-5245**                              **September Term, 2006**

(1971), cannot be based on a theory of *respondeat superior*. See <u>Cameron v. Thornburgh</u>, 983 F.2d 253, 258 (D.C. Cir. 1993) (citing <u>Monell v. Dep't of Social Services</u>, 436 U.S. 658, 691 (1978)).

 Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. <u>See</u> Fed. R. App. P. 41(b); D.C. Cir. Rule 41.

<u>**Per Curiam**</u>

*[signatures]*